HORTON *vs.* SUMMERS & MIDDLEBROOKS.

1. Where, under section 3541 of the Code, the garnishment is dissolved
by a claimant's giving bond and security in terms of said section,
and claiming a certain fund which arose from the sale of land and
is in the hands of the garnishee, and where the claim rests upon the
ground that the land was not the property of defendant in *fi. fa.*, but
of the claimant as the homestead of himself and family, and there-
fore the money arising from the sale of the land and in the garni-
shee's hands is not the money of defendant in execution, but the
money of claimant as head of the family :

*Held*, that a claim affidavit by the claimant in which he sets out that
he is the head of a family, and that the money is not the money of
defendant in *fi. fa.*, but is money arising from the sale of land which
had been set apart as a homestead of the family of claimant and
is not subject to the individual debts of said claimant, is sufficient
without further allegation either of the character or names of the
members of the family —the homestead having been set apart in
the land to the claimant as the head of his family.

2. The homestead papers should have been admitted in evidence to
the jury, the same having been granted by the ordinary in the year
1868, and under the constitution and act then of force and referred
to therein.

Claim.   Homestead.   Evidence.   Before Judge HALL.
Newton Superior Court.   September Term, 1878.

In addition to the report contained in the opinion it is
only necessary to add the following :

The claim affidavit of Horton was as follows :

"GEORGIA, NEWTON COUNTY:—

"Before me, in person came Turner Horton, who is the head of a
family, who, on oath, says that a certain sum of money which is
now held up in the hands of J. J. Stephenson, or the sheriff of New-
ton county, by summons of garnishment issued to said parties at the
instance of Summers & Middlebrook in a suit against Turner Horton,
in Newton superior court, is not the money of Turner Horton, but is

money arising from the sale of land which had been set apart as a homestead for the family of said Horton, and not subject to the individual debts of said Horton."

The application for homestead set out that Horton was the head of a family; that he was seized and possessed of certain described property, and desired a homestead in the same; but did not state of whom his family consisted.

E. F. Edwards, for plaintiff in error, cited Const. 1868, art. 7; 59 *Ga.*, 235; 41 *Ib.*, 196; 59 *Ib.*, 817.

No appearance for defendants.

Jackson, Justice.

Summers & Middlebrooks obtained judgment against Horton and garnisheed Stephenson. Stephenson answered that he held funds in his hands which arose from the sale of lands in the possession, when sold, of Horton. Horton claimed the fund as the head of his family as being the proceeds of the sale of homestead property, and dissolved the garnishment by giving bond and security under section 3541 of the Code. An issue was made up under section 3542, as to whom the money belonged, whether to Horton individually as defendant in the execution, or to Horton as the head of his family, representing the homestead. On that issue the claimant offered in evidence the homestead papers showing that the land had been set apart to him as the head of a family for their homestead. The court ruled the testimony inadmissible, and the claimant excepted.

1. The grounds on which the homestead papers were ruled out appear to have been: first, that the claim affidavit was not properly made out, inasmuch as the claimant did not set out the names or character of his family therein; and secondly, because the homestead papers themselves did not show their names or what sort of family it was that claimant had. In respect to the first ground, the claim was in the name of Horton as head of his family, and to the effect

that he claimed the money as proceeds of sale of homestead, and the papers showed that he petitioned ·for and had the homestead set apart to himself for his family, as their head. We think the claim affidavit sufficient.

2. In respect to the homestead papers, it is enough to say that they were granted or issued prior to any law requiring the character of family or their names to be set out, and that the petition shows that the homestead was applied for under the constitution and act of 1868. The case is therefore covered in respect to this point by the case of *Elizabeth Cowart vs. Leonard Page,* 59 *Ga.,* 235. So that we think the superior court erred in withholding the homestead papers from the jury. See also 41 *Ga.,* 196; 51 *Ga.,* 817.

Inasmuch as the other errors are assigned upon motions and amendments offered consequent upon these papers being rejected, it becomes wholly unnecessary to consider them, as in our judgment the court erred in so ruling as to make them necessary.

Judgment reversed.