HARDIN *vs.* McCORD, executor.

1. Under the act of 1868, an applicant for homestead and exemption, under the constitution of that year, was required to make a schedule of the personalty which he wished exempted, and the ordinary was required to issue an order to the county surveyor to set apart under oath lands of the applicant not exceeding $2,000 in specie, and to survey and plat the same, and when he returned this plat under oath, if no objections were filed, the ordinary should approve the schedule of personalty and the return of the surveyor, which was then turned over to the clerk of the superior court for record; if objections were made by a creditor of the applicant, assessors were appointed, and from an approval of their return an appeal could be taken. There was no requirement of a petition, or that it should state that the applicant was the head of a family.

2. If this were otherwise, a homestead having been granted in 1868, an amendment of the application could be allowed by the ordinary in 1883, so as to state the residence of the applicant, and that he was the head of a family. Such an amendment having been allowed, the original homestead and exemption, with the amendment, were admissible in evidence.

March 18, 1884.

Homestead. Pleadings. Amendment. Before Judge STEWART. Rockdale Superior Court. August Term, 1883.

A *fi. fa.* in favor of McCord, executor, against Hardin, was levied on certain corn, etc., which Hardin claimed to be exempt as the proceeds of land which had been set apart to him as a homestead. On the trial, he offered in evidence the record of the setting apart of a homestead to him and an

amendment thereto ; but they were rejected by the court. After verdict against him, he moved for a new trial, which was refused, and he excepted.

The original petition for homestead offered in evidence stated that the applicant was the owner of certain property; that he desired to have a homestead therein; and prayed that the county surveyor be directed to survey, set apart and value such homestead as by law required. Exemption of certain personalty was also asked. This petition was filed November 7, 1868. The county surveyor made his return, and the homestead and exemption were approved November 23, 1868. In March, 1883, the same petitioner asked to amend his former petition by inserting an allegation that he was a citizen of the county of the application and the head of a family, consisting of himself, his wife and three minor children. The ordinary caused a citation to be issued and published, and at the April term, 1883, passed an order allowing the amendment.

A. C. McCALLA; JOHN I. HALL, for plaintiff in error.

J. N. GLENN, for defendant.

BLANDFORD, Justice.

John D Hardin, in 1868, applied to the ordinary of Newton county, under the constitution and act of 1868, for an exemption of personalty and the setting apart of a homestead of realty ; his application set forth the personalty in a schedule, also the realty, which he wished exempted and set apart as a homestead, but the application failed to state his residence, or that he was the head of a family, but it claimed the exemption and homestead under the constitution of 1868. In 1883 he applied to the ordinary of Newton county to correct his application, alleging that he was, in fact, when the application was made, a resident of Newton county and was the head of a family, consisting of a wife and three minor children, who were

named, and prayed that the application be amended in these particulars. The ordinary allowed this amendment to be made to the application. Certain lands, which had been set apart as a homestead by the ordinary in 1868, were levied on by execution in favor of defendant in error and were claimed by Hardin, the plaintiff in error, for his wife and children. On the trial of the claim case, Hardin tendered in evidence the original homestead and exemption allowed him by the ordinary of Newton county and the amendment allowed in 1883. This was rejected by the court, and this constitutes the error alleged here.

Under the act of 1868, the applicant for homestead and exemption was required to make a schedule of the personalty which he wished exempted, and the ordinary was required to issue an order to the county surveyor to set apart under his oath, lands of the applicant, not exceeding two thousand dollars in specie in value, and to survey and plat the same, and when he returned this plat to the ordinary under his oath, if no objection was made by any creditor of the applicant, the ordinary was required to approve the schedule of personalty and the return of the surveyor, which was turned over to the clerk of the superior court, who was required to record the same. If objection was made by a creditor of the applicant, then the ordinary was required to appoint certain persons as assessors, who were required to value the property, and when they made their return, the ordinary was required to approve the same; either party had the right of appeal to the superior court. The act of 1868 did not require a petition, nor did it require the petitioner to state that he was the head of a family, but he was only required to make a schedule of the personalty which he desired exempted. But be this as it may, in this case the applicant did present a petition, in which he not only set forth the personalty which he desired exempted, but also the lands which he wished set apart as a homestead, and failed to state his residence and that he was the head of a family.

v 72-17

If this petition was not sufficient, then we think that it was cured and rendered sufficient by the amendment allowed by the ordinary in 1883.   It is insisted by defendant in error that the amendment could not have been allowed in 1883, and that the action of the ordinary in this respect was void.   We do not think so.   The ordinary had full power and jurisdiction over this matter.   Whether the petition was sufficient or not without amendment, we are satisfied that the ordinary had the right to pass on the amendment, and when allowed by him, it was as good as if the matters contained in the amendment had been embraced in the original petition of plaintiff in error; and to this effect is the decision of this court in the case of *Wallace vs. Cason*, 42 *Ga.*, 435, in which it is decided, "that the court has power at any time to amend its records." "Every court has power to amend its records to make them conformable to truth." "A court has power to amend its records to make them conform to the actual facts of the case."   And further, it is there held that " the court may, in its discretion, receive and act upon any competent legal evidence." 43 New Hamp., 508.  " The record is a question of fact, that has to be established, like any other facts, by pertinent evidence, and parol evidence is admissible in such inquiry."   25 Conn., 337.   This case, together with the authorities cited, fully establishes the power and the right of the ordinary to have allowed the amendment to plaintiff's petition.   So we think that the original homestead papers, together with the amendment of 1883, should have not been rejected as evidence by the court, and that his judgment must be reversed for these reasons.

Judgment reversed.