## McDONALD v. WILLIAMS.

After the lapse of twenty years or more from the laying off of a homestead under the act of 1868, where no disturbance of the beneficiaries within that period appears, all presumptions are in favor of the jurisdiction exercised by the ordinary, with respect to the residence and status of the applicant for homestead. And the like presumptions prevail as to the regularity of the proceeding, such as the necessary order directing the county surveyor to lay off the homestead, and the due administration of the statutory oath to the surveyor touching the correctness of the plat and the value of the property. In any collateral attack upon the homestead made after such a lapse of time, the burden of proving the want

of jurisdiction or the omission of any essential step in the proceeding is upon the party making the attack.

April 23, 1894.  Argued at the last term.                    *Judgment affirmed.*

Levy and claim.  Before Judge Bower.  Calhoun superior court.  June term, 1893.

Execution against the administrator of Joel Williams was levied on land which was claimed by M. C. Williams as agent for the minor children of Joel Williams. The case was submitted to the judge upon the question whether the homestead of Joel Williams, on which the claim rested, was good or not, it not having expired, and said minors being original beneficiaries thereunder. The homestead papers were admitted in evidence, over objections that they did not show that the applicant was the head of a family, nor set forth any reason why he was entitled to a homestead; that they did not show he was a resident of Calhoun county; that they showed no order of the ordinary to the surveyor to lay off a homestead, and the surveyor's return did not show that this was done in accordance with such order, and his return was not properly sworn to. The homestead papers were as follows:

"Georgia, Calhoun county. The following is a description and schedule of the property claimed by Joel Williams to be exempt from levy and sale under the late homestead act of the State of Georgia:" This is followed by an inventory of personalty and of realty, and the signature of Joel Williams. Indorsed: "Calhoun court of ordinary, at chambers, Feb'y, 1869. Approved this 5th day of Feb'y, 1869. Geo. W. Wooten, ordinary. Filed in office, 19th Jan'y, 1869." Then follows a plat with this statement: "The above plat is a representation of five hundred acres of land, no. 240 and 241 in the 4th district Calhoun county, Ga., valued at $1,500, as Joel Williams' homestead, surveyed on the 29th Jan'y, 1869. John B. Davis, C. S." And the fol-

lowing: " Georgia, Calhoun county. Before me came John B. Davis, C. S., who on oath says that the above described real estate is correctly platted and laid off, to the best of his knowledge and belief is not worth more than fifteen hundred dollars in specie. J. B. Davis." " Sworn to and subscribed before me this Feb'y 5, 1869. G. W. Wooten." "Recorded March 13, 1869. W. G. Pierce, clerk."

. J. J. BECK and HOOD & MOYE, by HARRISON & PEEPLES, for plaintiff.

J. L. BOYNTON, by M. J. CLARKE, for claimant.