Sharp *v.* The American Freehold Land Mortgage Co.

1. Where a homestead was duly set apart in 1868, the head of the family had no power or authority in subsequent transactions to waive the homestead right as to the land embraced in this homestead; and although the homestead proceedings were not recorded until September 25, 1877, and the record book was subsequently lost, one who dealt with the head of the family after the record had been actually made was chargeable with notice of the homestead.

2. Where after such record had been made the head of the family borrowed money, giving for the same his promissory note with waiver of homestead as against that debt, and at the same time

represented to the lender that there were no incumbrances on his land (it being the same land which was in fact embraced in the homestead), neither such waiver nor representation could defeat the homestead, and consequently the land could not, as against a claim filed by the head of the family setting up the homestead right, be subjected to a judgment rendered upon that note.
February 27, 1895.

Levy and claim. Before Judge BARTLETT. Crawford superior court. October term, 1893.

R. D. SMITH and HARDEMAN, DAVIS & TURNER, for plaintiff in error. W. E. SIMMONS and W. B. DEW, *contra.*

SIMMONS, Chief Justice.

An execution in favor of the American Freehold Land Mortgage Company of London, Limited, based on a judgment of March 20th, 1893, was levied on lot of land number 160 in the 2d district of Crawford county, as the property of John M. Sharp, defendant in execution. The property was claimed by Sharp as the head of a family, under the homestead law. The case was submitted to the presiding judge upon all questions of law and fact, who found the property subject; and to this ruling the claimant excepted.

It appeared at the trial, that the judgment from which the execution issued was based upon a promissory note of the defendant in execution, dated December 1st, 1891, and containing a waiver of homestead and exemption. The claimant introduced the homestead papers, which showed that the petition was filed November 2d, 1868, approved November 14th, 1868, and recorded September 25th, 1877. The petition stated that Sharp was the owner of the land in controversy, with other land, and of certain personalty. He also introduced a petition to amend the application by alleging that he was the head of a family consisting of his wife and minor children, and by alleging that he was a citizen of and resided in Crawford county; also an order of the ordinary allow-

ing the amendment and reciting that citation had been issued and published in terms of the law and no objection had been filed or appeared. The homestead included the land in dispute. It was admitted that the record of homesteads of Crawford county had been lost. The plaintiff introduced the following question and answer in defendant's application to it for the loan of the money which was the foundation of its claim or debt: "Q. Are there any incumbrances on said land?" "A. No." Claimant testified, that no questions were asked him about any homestead, nor did he make any statement in reference thereto; that when the question introduced by the plaintiff was asked, he inquired of plaintiff's agent what he meant by incumbrances, and the agent replied, "Mortgages or executions," and the witness then replied, "No."

We think the court erred in finding the property subject. All the presumptions were in favor of the validity of the homestead, and no reason appears for treating it as invalid. See *McDonald* v. *Williams*, 94 *Ga.* 515. Under the law as it stood at the time the homestead was granted, it was not essential that the names of the beneficiaries should be set out in the application. *Horton* v. *Summers*, 62 *Ga.* 302(2), and cases cited; *Wilder & Son* v. *Frederick*, 67 *Ga.* 669(2). As to the amendment, see *Hardin* v. *McCord*, 72 *Ga.* 239(2). If there was a valid grant of a homestead, the waiver was ineffectual. No such waiver is effectual after the homestead has been set apart. The fact that the homestead papers were not recorded until 1877, and that the book in which they were recorded was subsequently lost, did not affect the rights of the beneficiaries. The debt to which the plaintiff in execution was seeking to subject the property was contracted after the homestead papers were recorded; and the loss or destruction of the record could not impair any rights the beneficiaries may have acquired, nor affect

v 95-27

the constructive notice afforded by the record. (See Wade on Notice, §157; Webb on Record of Title, §187, and authorities cited.) Nor could the representations of the head of the family that there were no incumbrances on the land operate as an estoppel upon the beneficiaries, or preclude him from setting up their right to the homestead, in his character of head of the family. (*Hawks* v. *Hawks*, 64 *Ga.* 241; *Hall* v. *Matthews*, 68 *Ga.* 492(2); *Planters Loan & Savings Bank* v. *Dickinson*, 83 *Ga.* 711.)                         *Judgment reversed.*