(42 Misc. Rep. 317.)

KING v. WARREN, Sheriff.

(Supreme Court, Special Term, Oswego County. December, 1903.)

1. ESTOPPEL—CLAIM OF EXEMPTIONS.

 Where a judgment was obtained against the sureties on an undertaking for bail in a criminal action, the fact that a surety in the justification clause stated that his property was not exempt from execution does not estop him from claiming the benefit of an exemption conferred upon him because the property was purchased with pension money.

Action by James King against Albert Warren to restrain defendant from selling plaintiff's land under an execution. Judgment for plaintiff.

Cullen & Davis, for plaintiff.
Cullinan & Bartlett, for defendant.

WRIGHT, J. The plaintiff, with three others as sureties, executed with one William T. Mullen as principal an undertaking of bail in a criminal action to secure the release of said Mullen from prison, pending an appeal from a judgment of conviction for a felony, rendered in the Oswego county court. The judgment was affirmed, and the criminal absconded. An action on the undertaking was brought in the county court against the sureties, but not against the principal. The judgment in question for $1,528.04 was obtained against the

sureties, and the sheriff levied upon the plaintiff's farm, which was purchased with pension money.

The defendant sheriff urges that the plaintiff is estopped from setting up the privilege, for the reason that in his justification clause in the undertaking of bail he stated, in substance, that the said farm was not exempt.   The representation complained of does not in law constitute an estoppel depriving the plaintiff from claiming the benefit of the right of exemption conferred upon veterans of the wars of our country.   Robinson v. Wiley, 15 N. Y. 489, opinion by Johnson, J.; Countryman v. Countryman (Sup.) 28 N. Y. Supp. 258.   In Texas, in the absence of a contrary statutory provision as exists in this state, it has been held that a statement and misrepresentation in a deed of trust or in a mortgage that the land covered by it was not a homestead would not estop the grantors from afterward asserting it to be such.   Crebbin v. Moseley (Tex. Civ. App.) 74 S. W. 815; Sheckles v. Lewis (Tex. Civ. App.) 75 S. W. 836.   As remarked by Judge Williams in his opinion in the case of Countryman v. Countryman, supra:   "The rule is that exemption statutes should be liberally construed in the favor of the party claiming the exemption.   They rest upon public policy, looking to. the protection of the soldier and his family against improvidence and misfortune."   Under this rule the misrepresentation complained of in this case should in equity have no greater force than would be given to an express waiver in the justification clause of the plaintiff's right of exemption, but. a waiver in that form would be void as not conforming to the statutory requirements. Code Civ. Proc. § 1404; Rutt v. Howell, 50 Iowa, 535; Terrell v. Hurst, 76 Ala. 588; Sharp v. Am. Freehold Land Mtge. Co., 95 Ga. 415, 22 S. E. 633.   It follows that the plaintiff is entitled to judgment.

Judgment for plaintiff.