## GODDARD *v.* BOYD.

BECK, J.   1. Where suit to recover land was brought by one claiming to be an heir at law of a deceased person who held a conveyance from a former owner, and the defendant claimed by virtue of a chain of conveyances beginning with such former owner, such former owner was not an incompetent witness to testify on behalf of the defendant as to transactions between her and the deceased person under whom the plaintiff claimed as an heir.   *Oliver* v. *Powell,* 114 *Ga.* 592 (40 S. E. 826) ; *Purvis* v. *Raste,* ante, 16 (85 S. E. 1012).

2. Where motion was made to exclude evidence in bulk, the evidence consisting of a long extract from the testimony of a named witness, and a part of the evidence was competent and admissible, the exception going to the entire evidence, the judgment of the trial court will not be reversed for overruling the motion.

3. While possibly certain portions of lengthy extracts from the charge to which exceptions were taken may have been subject to criticism, yet, when considered in connection with the entire charge, there is nothing in the charges complained of requiring a reversal.

*Judgment affirmed. All the Justices concur.*

AUGUST 10, 1915.

Complaint for land.   Before Judge Reid.   Newton superior court.   January 8, 1914.

*R. B. Blackburn* and *R. W. Milner,* for plaintiff.

*Rogers & Knox,* for defendant.