### BROWN et al. v. HARDEN.

HILL, J.   Certain children of Joseph H. Harden, deceased, instituted an action against the widow of the deceased, seeking to enjoin the sale of certain personal and real property described in an instrument alleged to be a deed executed by the decedent to the defendant for the use of herself and all of the children of the grantor, which deed it was alleged had been fraudulently withheld from record and destroyed by the widow.  It was also sought to require the widow to deliver up possession of the instrument if it had not been destroyed, in order that the same might be recorded and the interests of the plaintiffs protected; that if the instrument had been destroyed, a copy thereof be established; and that the defendant be required to account for the value of all such parts of the property as she had disposed of.  The defendant denied that the paper was valid either as a deed or a will, or that it was delivered; and set up that the deceased owned the property at the time of his death, and that it had been duly set apart to her in the court of ordinary as a year's support, and that she had been in possession thereof under order of court for more than seven years before the institution of the suit.  After the conclusion of evidence introduced by both sides, the judge directed a verdict for the defendant.  The plaintiffs' motion for a new trial was overruled, and they excepted.
    Held:

1. It was not erroneous to admit in evidence certified copies of the record from the court of ordinary in the proceedings to set apart a year's support to the widow, in which the return of the appraisers, in addition to showing that the land referred to in such return was property of which the decedent died seized and possessed, described the land as "115 acres of lot number 305, 17th district Laurens county, . . 202½ acres of lot number 321, '17th district Laurens county, . . 100 acres of lot number 326, 17th district Laurens county," over an objection to the evidence as a whole on the ground that the description of the property was too indefinite, it appearing that some of the evidence objected to was admissible and some not.  *Goddard* v. *Boyd*, 144 *Ga.* 18 (2) (85 S. E. 1013) ; *Ginn* v. *Ginn*, 142 *Ga.* 420 (83 S. E. 118). The evidence with respect to land lots numbers 321 and 326 was admissible, it being shown by the official map that the former consisted of 202½ acres, and that the latter was a fractional lot containing 100 acres only.

2. The ground of the motion for a new trial complaining of the admission of certain other evidence failed to state what grounds of objection, if any, were interposed to the introduction of the evidence at the time it was admitted, and was too indefinite to present any question for decision.

3. Properly construed, the copy of the paper which it was sought to establish in lieu of the original was a deed, and not a will.

4. Upon conflicting evidence on the material issues raised by the pleadings, it was erroneous to direct a verdict.

                    *Judgment reversed.   All the Justices concur.*

    33

EVANS, P. J., specially concurring. I concur in the judgment of reversal, but I dissent from the ruling of the majority as to the sufficiency of the assignment of error as contained in the fifth ground of the amended motion for new trial, which was as follows: "Because the court erred in permitting the defendant, Mrs. Roxie A. Harden, to introduce aliunde testimony supplying the description as to property sued for and mentioned in said twelve months' support, and holding that aliunde evidence was sufficient to supply said description; and in permitting one C. C. Gay to testify as follows: 'We set aside the entire estate, real estate and personal property, to Mrs. Roxie A. Harden, as a year's support.'" I think the assignment of error sufficient to raise the point as to the admissibility of the testimony of the witness Gay.

FEBRUARY 16, 1917.

Equitable petition. Before Judge Kent. Laurens superior court. October 15, 1915.

*Larsen & Crockett*, for plaintiffs. *J. S. Adams*, for defendant.