## 17590.  PARKER v. NOLAN.

STEPHENS, J.  1. Where, after a levy on personal property under an attachment and before the trial, the defendant in attachment agrees with the plaintiff that the sheriff may sell the property and hold the funds derived from the sale, this agreement will not, on the plaintiff's failure' to recover, preclude the defendant afterwards, in a suit against the plaintiff in attachment upon the attachment bond, from recovering for the damage sustained by him in consequence of the suing out of the attachment. If such an agreement amounted to a consent by the defendant in attachment to a judgment upon the attachment, and therefore to a waiver by him of damages because of the attachment, this effect should have been given in the attachment proceeding by a judgment for the plaintiff in attachment.  The agreement can not afterwards be relied upon by the plaintiff in attachment as a defense to a suit against him upon the attachment bond.

2. The damages recoverable by a defendant in attachment against the plaintiff in attachment upon the attachment bond, where. the plaintiff in attachment fails to recover in the suit, include reasonable attorney's fees expended or incurred by the defendant in attachment, together with the amount of other damage sustained in consequence of the suing out of the attachment.

3. Where the attachment is sued out prematurely and levied upon personal property of the defendant in attachment, and such personalty is sold under a short-order sale as being perishable, or where the defendant in attachment agrees with the plaintiff in attachment to waive the necessity of obtaining an order for a short-order sale and the expense consequent thereto, and permits the property to be sold at the insistence of the plaintiff as under 'a short-order sale, and therefore consents to the sale without prejudice to his rights, such forced premature sale of the defendant's property, to his damage, furnishes a basis for a recovery by him under the attachment bond.  Where the plaintiff in attachment is not threatening or seeking to obtain a short-order sale, but where the defendant in attachment, before final judgment, voluntarily agrees to the sale of the property attached and levied upon, the sale of the property thus being voluntarily consented to by the defendant in attachment, he can not recover for damage sustained by him as a result of such premature sale.

4. Where the defendant in attachment operates a dairy and the property attached and levied upon consists of the milch cows which he is using in the operation of the dairy, and the levy of the attachment and the sale of the property cause damage to him from loss of profits in his business, he may, in an action for a wrongful suing out of the attachment, recover for such damage.

5. In a suit by the defendant against the plaintiff in attachment to recover damages on the attachment bond, after the plaintiff's failure to recover, evidence that the defendant in attachment was financially unable 'to replevy the property is material and relevant, not for the

Attachment, 6 C. J. p. 500, n. 22 New; p. 501, n: 38; p. 528, n. 50 New; p. 531, n. 1; p. 535, n. 40; p. 537, n. 64; p. 540, n. 77; p. 545, n. 13.

purpose of establishing punitive or exemplary damages, which are not recoverable, but to establish the defendant's actual damage and to show his inability to minimize his damage.

6. Where the attachment was for the purchase-money of the property attached, and where it appears that the proceeds derived from the sale of the property, which sale was consented to by the defendant in attachment, were applied to payment of the purchase-money, the defendant can not, in a suit upon the bond, recover as a part of his damage the value of the property sold.

7. This being a suit by the defendant in attachment to recover upon the attachment bond damages because of the suing out of the attachment, and there being some evidence tending to establish actual damage to him therefrom, and it appearing that the plaintiff in attachment had failed to recover in the attachment suit, the court erred in granting a nonsuit and in excluding certain evidence offered. See, in this connection, *Fourth National Bank* v. *Mayer*, 96 *Ga.* 728 (24 S. E. 453); *Oakes* v. *Smith*, 121 *Ga.* 317 (48 S. E. 942). Except as indicated above, no error appears.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 10, 1927.

Action for damages; from DeKalb superior court—Judge Hutcheson. June 8, 1926.

*Carl T. Hudgens,* for plaintiff.

*J. Howell Green, B. H. Burgess,* for defendants.