### 40377. BOYKIN et al. v. PARKER.

HALL, Judge. This was a suit against the principal and surety on an attachment bond. The plaintiff was a nonresident subcontractor on a construction project in Chatham County. The defendants executed the bond in connection with an attachment sued out by the principal against this plaintiff. The attachment was levied on trucks and other equipment being used by the plaintiff in Chatham County. The principal defendant failed to recover in the action on which the attachment was issued, and the plaintiff sues to recover, in accordance with the terms of the bond, costs and expenses and damages of over $34,000, allegedly sustained in consequence of the attachment of his property. The trial resulted in a verdict and judgment of $6,035, for the plaintiff. The defendants assign error on the judgment of the trial court overruling their amended motion for new trial. *Held:*

1. The defendants complain that the trial court refused to charge, as requested by them, to the effect that "attorney's fees and other expenses attendance [sic] upon the trial in

the main case [to which the attachment proceeding was ancillary] are not a proper element of damages where such expenses and such legal services related to the defense of the action on its merits and were not rendered in relation to the attachment itself." The general rule stated in this request is supported by the case of *Massachusetts Bonding & Ins. Co. v. U. S. Conservation Co.*, 31 Ga. App. 716, 721 (122 SE 728). However, some courts recognize an exception to the general rule that the plaintiff can recover only expenses for directly attacking the wrongful attachment, and not for litigating the principal action on its merits. The exception is that, where the only way to defeat a wrongful attachment is to defeat the principal action on its merits, reasonable expenses for defense of the entire litigation can be recovered. This exception has been applied in some cases where the defendant was, as in the present case, a nonresident of the State where the attachment was brought. See Anno. 25 ALR 579, 592; 71 ALR 1458, 1462; 65 ALR2d 1426, 1436. The qualification of the general rule stated in ALR is reasonable, and Georgia cases, though not directly deciding the issue, are in accord with it. "The damages recoverable by a defendant in attachment against the plaintiff in attachment upon the attachment bond, where the plaintiff in attachment fails to recover in the suit, include reasonable attorney's fees expended or incurred by the defendant in attachment together with the amount of other damages sustained in consequence of the suing out of the attachment." *Parker v. Nolan*, 37 Ga. App. 205 (2) (139 SE 429). Damages for a wrongful attachment ". . . would include reasonable attorney's fees necessarily expended by the defendant in the defense of the attachment proceeding, and as well such other reasonable and necessary expenses incident to the litigation as might be incurred by him in the vindication of his rights." *Hinton-Bellah, Inc. v. Thebit*, 62 Ga. App. 672 (9 SE2d 779). The plaintiff's petition apparently included attorney's fees for defending the main case and there was testimony concerning those fees. The defendants do not show that the nonresident plaintiff in the present case could have defeated the attachment by any means other than winning the main case. The defendant's request, not including the above mentioned qualification of the general rule, was not perfectly applicable in the present case. *Cates v. Harris*, 217 Ga. 801 (125 SE2d 649).

The trial court did not err in overruling grounds 5, 14, 15, 16 and 17.

2. In grounds 10, 18 and 19 the defendant separately assigns error on the trial judge's refusal to charge three written requests. The three requests taken together would have instructed the jury that, if they found that there existed conditional bills of sale under which the seller retained title to the property levied on in the attachment, the attachment would be void and could be set aside; and if the plaintiff could have set aside the attachment on this ground, then his recovery would be limited to expenses of setting aside the void attachment.

There was evidence that property attached was purchased in Florida and subject to contract reserving title in the seller. There was no evidence that any contract had been recorded in Georgia as required by *Code* § 67-108. The defendant contends that the out of state retention of title contract, though unrecorded, would take priority over an attachment lien. This issue has not been specifically decided in the cases cited by the defendant nor in any other cases we have been able to find. However, aside from this question which it becomes unnecessary for us to pass on, and aside from other questions of the perfection or applicability of the requests, the trial court did not err in refusing to charge any of the requests. Even if we assume that the three requests as a whole were correct in applying the law to the facts of this case, none of the requests considered alone was complete or adequate to enable the jury to understand how to apply the law (assuming it is as contended by the defendant) to the facts of this case. For this reason none of the requests was perfect, and the court was not required to give any of them, just as a trial court, conversely, is not required to charge a series of propositions presented in bloc, or any part of them, if any one of them is erroneous or inapplicable. *Western Union Tel. Co. v. Owens,* 23 Ga. App. 169 (98 SE 116).

Nor did the trial court err in refusing to charge the two alternative requests upon which the defendant separately assigns error in grounds 6 and 7, for the reason (aside from the absence of authority holding that the proposition regarding damages they state is correct in law, and aside from other reasons for which the trial court may not have been required to charge these requests) that these requests also were imper-

fect in that neither of them alone was complete or adequate to aid the jury.

A trial court commits no error in refusing a request which requires an inference to make it correct, or which goes too far, or which is not itself perfect and clear. *Etheridge v. Hobbs,* 77 Ga. 531, 534 (3 SE 251); *Lewis v. State,* 196 Ga. 755, 761 (27 SE2d 659); *Cates v. Harris,* 217 Ga. 801, supra; *Goodwin v. Allen,* 89 Ga. App. 187, 189 (78 SE2d 804); *Atlanta Metallic Casket Co. v. Hollingsworth,* 104 Ga. App. 154, 166 (121 SE2d 388).

3. When there is no assignment of error complaining that a request to charge was not given in the exact language of the request, and the request is substantially covered by the charge given by the court, no reversible error is shown. *State Farm Mut. Auto. Ins. Co. v. Rogers,* 105 Ga. App. 778, 784 (125 SE2d 893). The trial court did not err in overruling special grounds 1, 2, 3, 4, 9 and 13 of the motion for new trial.

4. The trial court did not err in overruling ground 21 which complains of a charge by the trial court substantially stating the holdings in *Parker v. Nolan,* 37 Ga. App. 205, supra, and *Hinton-Bellah, Inc. v. Thebit,* 62 Ga. App. 672, supra.

5. At the conclusion of the evidence the defendants made motions to strike and take away from the consideration of the jury all claims for rental values or loss of use of the vehicles levied on, on the grounds that the evidence of such losses was speculative, indefinite, did not show adequate facts as to the plaintiff's costs of operating the trucks from which net loss could be found, and did not show that the plaintiff had any definite contracts for the rental or use of the trucks. At least some of the evidence offered to prove the plaintiff's losses was not subject to the objections made by the defendants' motions. Therefore, the trial court did not err in overruling grounds 11, 12 and 20 complaining of the trial court's failure to grant the defendants' motions to exclude evidence. *McDonald v. Williams,* 94 Ga. 515 (19 SE 830); *Johnson v. State,* 125 Ga. 243 (54 SE 184); *Goddard v. Boyd,* 144 Ga. 18 (85 SE 1013).

The judgment of the trial court overruling the general and special grounds of the motion for new trial is

*Affirmed. Bell, P. J., and Pannell, J., concur.*

DECIDED NOVEMBER 5, 1963—REHEARING DENIED DECEMBER 3, 1963.

722

*Bouhan, Lawrence, Williams & Levy, Gilbert E. Johnson, Alex A. Lawrence,* for plaintiffs in error.

*Robert E. Falligant,* contra.