## DANIEL *v.* BAILEY.

CANDLER, J.  The plaintiff, as head of a family, sued for damages for trespass upon a lot of land which had been set aside to him as a homestead.    It appeared that the homestead was granted " upon lot of land No. 388 in the 3rd district of Calhoun county, Ga., containing 250 acres more or less. "    The defense relied upon was that the land upon which the alleged acts of trespass were committed was not a part of the land lot in which the homestead was granted, and was not the property of the plaintiff, but was in the adjoining county of Baker, and belonged to the defendant.    The plaintiff, on the other hand, contended that land lot No. 388 contained 472 acres and covered the land upon which the alleged trespass was committed.    It appeared that the land lot as originally granted by the State contained 250 acres, and there was oral evidence that by legislative enactment, prior to the granting of the plain-tiff's homestead, there had been a change in the land lines.    *Held :*

1. It was error to admit in evidence "a copy of an instrument appearing upon the minutes of the inferior court of Calhoun county," purporting to be a report by certain commissioners " appointed. by the inferior courts of Baker and Calhoun counties for the purpose of defining the line between the two counties," the report not being under oath and no authority to make it being shown in the alleged commissioners.

2. In an action for damages for trespass upon land, where the amount of the damage, if any, is disputed and can only properly be determined by the jury, and a verdict is returned for the plaintiff for the full amount sued for, the court has no power to make the grant of a new trial conditional upon the plaintiff's writing off from the verdict an amount arbitrarily fixed by the trial judge.    *Central R. Co.* v. *Perkerson*, 112 *Ga.* 924 (4).

                    *Judgment reversed.    By five Justices.*

Argued June 10, — Decided August 12, 1903.

Action for damages.    Before Judge Spence.    Calhoun superior court.    December 10, 1902.

*John J. Beck* and *A. G. Powell*, for plaintiff in error.