## TIFTON, THOMASVILLE AND GULF RAILWAY COMPANY *v.* CHASTAIN.

1. Any portion of a record contained in a transcript transmitted to this court, which is material to a clear understanding of the errors complained of, will be considered by the court, even though the specification in the bill of exceptions may not be sufficiently broad to have required the clerk to transmit such part of the record.

2. An entry upon an amendment to a motion for a new trial, that the amendment is allowed " and the grounds therein set out approved," is a sufficient approval of the grounds of the motion.

3. An amendment to a motion for a new trial may be allowed at any time before the motion is finally disposed of.

4. An entry in the following words at the conclusion of a brief of evidence : "Approved June 28, 04," and signed by the presiding judge, is a sufficient approval of the brief.

5. When an order contained in the record, continuing the hearing of a motion for a new trial, appears without date, but there is a recital in the bill of exceptions which shows the date on which such order was passed, such recital will be treated as showing the true date of the order, in the absence of a suggestion that the order in the record is incomplete, and that if completed from the record in the court below a different date would appear.

6. The petition was not subject to the objections raised in the demurrer ; the evidence for the plaintiff established the material allegations of the petition ; and there was no error in overruling the demurrer and motion for a nonsuit.

7. The trial judge has no power to order that, as a condition to the refusal of a new trial, a portion of the verdict shall be written off as excessive, except where from the application of the law to the evidence the excess can be accurately ascertained.

Argued December 17,—Decided March 4, 1905.

Action for damages.   Before Judge Mitchell.   Thomas superior court.   June 28, 1904.

*J. H. Merrill* and *J. L. Sweat*, for plaintiff in error.
*S. A. Roddenbery* and *Roscoe Luke*, contra.

COBB, J.   The plaintiff sued the railway company for damages, and recovered a verdict for $2,000.   The judge granted a new trial, unless the plaintiff would write off $1,000 from the verdict, which being done, a new trial was refused.   The defendant ex-

cepted, and assigns error upon the judgment just referred to, as well as upon other rulings made during the trial. In this court the defendant in error filed a motion to strike from the record certain portions thereof.

1-5. The questions raised by the motion to strike parts of the record are dealt with in the headnotes, and need no further elaboration.

6. The demurrer to the petition was general. As against such a demurrer the petition set forth a cause of action. The evidence of the plaintiff established the material allegations of the petition, and hence there was no error in refusing to grant a nonsuit.

7. The verdict was for $2,000. One ground of the motion for a new trial was that this verdict was excessive. The judge granted a new trial, unless the plaintiff would reduce the amount of the verdict to $1,000, which the plaintiff promptly did. This action on the part of the judge, clearly indicates that the finding of the jury was not at all satisfactory to him as to amount; and such being the case, he should have granted a new trial, and allowed another jury to assess the amount of damages, instead of assessing them himself, which was the effect of the order requiring the plaintiff to write off one half of the recovery. *Central Ry. Co.* v. *Perkerson,* 112 *Ga.* 924 (4).

*Judgment reversed. All the Justices concur.*