5629.   LEE *v.* BAGWELL.

A judgment of the trial court, the effect of which is to refuse the defendant's motion for a new trial, on the condition, complied with by the plaintiff, that a specified sum be written off by the plaintiff from the amount of the verdict against the defendant, will be reversed, on exception of the defendant, where the basis of the judgment, as to the amount to be written off, can not be ascertained from the record, and the evidence is in conflict as to what amount, if any, the plaintiff is entitled to recover.

DECIDED JUNE 22, 1914.

Complaint; from city court of Blakely—Judge Sheffield. March 4, 1914.

*Rambo & Wright,* for plaintiff in error.

*A. H. Gray,* contra.

ROAN, J.   J. M. Bagwell was a cropper of Mrs. S. A. Lee for the year 1912. He cultivated a crop upon her land on the usual

terms prevailing between landlords and their croppers, Mrs. Lee contracting to furnish the land, the mules, feed for the stock, and farming implements, and the cropper agreeing to cultivate and gather the crop, and it being agreed that after the fertilizer bill had been charged to the crop, the remainder should be divided equally between them. Bagwell brought suit against Mrs. Lee for $458.38 and interest thereon, alleged to be due under this contract, alleging that from the crop raised and gathered by him on the farm of Mrs. Lee he produced 33½ bales of cotton, averaging 500 pounds each, the price of which was eleven cents per pound, making a total value of $1,675, of which his half was $837.50; that from this cotton 1,005 bushels of cottonseed were produced, worth thirty cents a bushel, and of the total value of $301.50, of which he was likewise entitled to a half; and that he was furnished by the defendant money and supplies to enable him to cultivate and gather the said crop, to the amount of $529.87, which sum should be deducted from his half of the total sum for cotton and cottonseed. Attached to his petition is a bill of particulars, showing the various amounts admitted to be received by him from Mrs. Lee. The defendant in her answer admitted the contract and that the cotton was produced by the plaintiff as alleged, but denied the allegations as to the value of the crop, and alleged that during the year 1912, she furnished the plaintiff money and supplies and articles of the total value of $883.18, and that the bill of particulars attached to the plaintiff's petition was not correct. She further answered that she was not indebted to the plaintiff in any sum whatever; that he received his part of the first nine bales of cotton that were ginned and packed, and that she fully complied with her part of the contract, and turned over to him all of his share of the crop that was due him. The trial resulted in a verdict for the plaintiff, for $420. The defendant moved for a new trial on the usual general grounds, and on two additional grounds, the first of which was that the court refused to admit in evidence a memorandum of articles furnished by the defendant to the plaintiff and of the dates on which they were furnished, and of cotton delivered on account and cash paid, and of the dates of delivery and of the payments, the court sustaining an objection by the plaintiff that the same did not appear to be a book of original entries, and that the evidence showed that Mrs. Lee was not a merchant, shopkeeper, physician,

blacksmith, or other person doing a regular business and keeping daily entries thereof. The remaining ground was that the verdict was excessive, "being for a greater amount of money than, under any view of the testimony, the plaintiff was entitled to." The court rendered the following judgment on the motion for a new trial: "It is considered, ordered, and adjudged that a new trial be granted, unless the plaintiff shall write off from the amount of the verdict and judgment in said case the sum of $141.66 instanter, and shall file in the office of the clerk of the city court of Blakely an instrument in writing so writing off from said verdict and judgment said amount; said writing to be filed as a part of the record in said case and spread upon the minutes of the court." The plaintiff, by his attorney of record, in compliance with this order, wrote off from the verdict and judgment the sum of $141.66; and agreed to accept, in satisfaction of the verdict and judgment, the sum of $288.34, with costs of suit. This had the effect of overruling the motion for a new trial on each and every ground. The defendant excepted, insisting that the court should have granted her a new trial unconditionally.

From an examination of the record we are unable to discover any error of the trial judge, unless he erred in ordering that a new trial be granted unless the plaintiff would write off $141.66 from the amount of the verdict and judgment. The movant contends that she should have been granted a new trial unconditionally, unless there was in the evidence some criterion leading with certainty and accuracy to the amount that should be written off,—that any other rule than this would amount to substituting the judge for the jury in the trial of issues of fact; and that the evidence did not authorize the order that the sum of $141.66 be written off. There is nothing in the evidence contained in the record by which this court is enlightened as to the basis and method of calculation by which the court below reached the conclusion that the verdict rendered was in excess of the proper amount by $141.66. If the testimony for the plaintiff was alone considered in making the calculation, there was nothing that we are aware of to lead the judicial mind with any degree of certainty to conclude that the verdict was excessive in that amount. If the evidence for the defendant alone was considered, would not the judicial mind reach the conclusion that every dollar of the verdict was in excess of what it should

have been? Then how is this court to determine upon what particular testimony the judge relied in making up his estimate of the amount that should be written off the verdict?

There are many rulings of the Supreme Court and of this court to the effect that where some definite and readily ascertainable portion of the verdict should not, under the law and the facts of the case, have been recovered by the plaintiff, the trial judge may order that the illegal portion be remitted by the plaintiff, or, if not remitted, that a new trial be granted. In *Vigal* v. *Castleberry,* 67 *Ga.* 600, which was an action upon a trustee's bond, the court charged the jury that if the trustee charged himself in his returns with ten per cent. interest, that would be evidence that he made ten per cent., and the jury should find the principal, with ten per cent. interest to the time of the trial. There was a verdict charging him with interest at ten per cent. The court ordered that all interest over 7 per cent. be written off, and that upon compliance by the plaintiff with this direction a new trial be refused. The plaintiff complied with the order, and exception was taken by the defendants. The Supreme Court held that the trial judge did not err in this order, as the illegal part of the verdict was so apparent that there was no uncertainty about it. In *Whaley* v. *Broadwater,* 78 *Ga.* 336, which was a suit upon an account, one of the pleas filed by the defendant was a set-off. The plaintiff admitted his indebtedness to the defendant in a given sum, but the jury, ignoring this admission, found for the plaintiff the full amount sued for; whereupon the defendant moved for a new trial, which the court granted, unless the plaintiff would write off the amount admitted to be due the defendant. The plaintiff complied with the order by writing off this amount, and consequently a new trial was refused. The Supreme Court affirmed the judgment and held that there was enough evidence to support the verdict. That was a case in which the amount which should be written off was so certain and definite as not to leave any room for doubt. We know of no decision, and none has been cited, holding that on a motion for a new trial the court can arbitrarily determine to what extent a verdict found by a jury is in excess of what the evidence authorizes, and order it written down to the amount that the judge determines to be a proper amount, authorized by the evidence. Unless the evidence is such as to leave no room for conjecture or dispute, the amount

which the court may in any case order written off from the verdict
as excessive must be a sum ascertainable from uncontradicted evi-
dence or by admission of the party to be affected, or in some way
that renders it certain and definite.    The able and exhaustive
opinion handed down by Chief Justice Fish in the case of *Central
Railway Co.* v. *Perkerson*, 112 *Ga.* 923 (38 S. E. 365, 53 L. R. A.
210), which deals with practically all former decisions on this
subject, overruling some and harmonizing apparent conflicts in
others, decides, as we believe, the true rule in such cases to be that
a judge is justifiable in ordering a certain amount of the verdict
written off as excessive in some cases, but that he can exercise this
right only when the amount is certain from the evidence or by
admission of the party affected.  As long as the exact amount is
matter of dispute it can not be done.  In view of the conflict in the
evidence in this case, as to the amount the plaintiff is entitled to
recover of the defendant, if any amount, and of the uncertainty as
to what is the real truth on this issue (the plaintiff claiming a
considerable amount as due him by the defendant, and the defend-
ant on the other hand claiming that she owes the plaintiff nothing,
and there being evidence to support the contentions of each of the
litigants), the case is one in which the jury should be the sole judges
of the amount due from one to the other, and is not a case in which
the judge can properly substitute himself for the jury in determin-
ing this amount.                          *Judgment reversed.*