### 16274.  QUICK TIRE SERVICE INCORPORATED v. BALL.

Where in an action for damages for personal injuries a verdict was found in favor of the plaintiff for $10,000, and the defendant made a motion for a new trial, one of the grounds of which was that the verdict was excessive, and the plaintiff's counsel thereupon wrote off the sum of $2,500, and where the presiding judge refused the motion by a judgment from which it appeared that he did not approve the amount of the verdict as originally rendered, and that his refusal of the motion was influenced by the plaintiff's act of remitting a part of the recovery, and error is duly assigned specially upon such judgment, this court, under repeated rulings, will reverse the judgment, it appearing from the order itself that the motion should have been granted.

DECIDED MAY 19, 1925.

Damages; from Fulton superior court—Judge Ellis.   January 17, 1925.

*Underwood, Pomeroy & Haas,* for plaintiff in error.

*Hewlett & Dennis,* contra.

BELL, J.  In this action for damages for personal injuries the jury returned a verdict for the plaintiff in the sum of $10,000. The defendant moved for a new trial upon various grounds, one of which was that the verdict was excessive.  The plaintiff wrote off $2,500, and the court rendered the following judgment refusing the motion: "The motion for new trial and the amendment coming on to be heard in the above-stated case, after argument and consideration the court does not believe that any material error was made in the trial of the case.  The charge of the court appears to have been fair and full.  The only question which did not fully meet the approval of the trial court was as to the amount of the verdict; and, the plaintiff having written off the sum of $2,500, this court is of the opinion that the evidence justifies a verdict of $7,500, and therefore the motion for new trial is overruled and a new trial denied."

The defendant has excepted in the usual form to the refusal of the motion, and has assigned error specially on the judgment, upon the ground that the trial judge did not exercise the discretion vested in him by law, and did not unqualifiedly approve the verdict, and upon the further ground, among others, that the judgment overruling the motion shows upon its face that the court was dissatisfied with the verdict and that the refusal of the motion was

influenced by the plaintiff's act of writing off a part of the recovery.

The special assignments upon the judgment denying the motion are controlled, we think, by the decision of the Supreme Court in *Seaboard Air-Line Railway* v. *Randolph,* 129 *Ga.* 796 (59 S. E. 1110). It clearly appears, from the face of the judgment, that the trial judge did not approve the verdict, and. that the overruling of the motion was affected or influenced by the plaintiff's remitting a part of the recovery. In an action of this sort the judge is without authority to determine that the verdict should not exceed a particular sum, and if the verdict is for an amount in excess of that which in the exercise of the discretion vested in him by law he is willing to approve, it is his duty to set it aside. This is but to repeat what has been held in a number of decisions. It affirmatively appears from the judgment before us that the motion for a new trial in this case should have been granted, and this court has no alternative except to reverse the judgment. See further, in this connection, *Atlantic Coast Line R. Co.* v. *Williams,* 21 *Ga. App.* 453 (1) (94 S. E. 584); *Central of Georgia Ry. Co.* v. *Perkerson,* 112 *Ga.* 923 (4) (38 S. E. 365, 53 L. R. A. 210); *Lee* v. *Bagwell,* 14 *Ga. App.* 699 (82 S. E. 49); *Atlanta Gas Light Co.* v. *Sams,* 29 *Ga. App.* 446 (4) (116 S. E. 21); *Murphy* v. *Mitchell,* 30 *Ga. App.* 736 (119 S. E. 424).

The effect of the court's judgment being virtually to sustain that ground of the motion for new trial complaining that the verdict was excessive, no decision by this court seems to be required as to whether it was excessive or not.

In one of the special grounds of the motion for a new trial complaint is made of the following excerpt from the charge of the court: "A pedestrian, when lawfully using the public highway, is not bound to be continually looking and listening to ascertain if trucks or cars are approaching, under the penalty that if he fails to do so and is injured he is presumed to be negligent." It is alleged that this charge was error because it amounted to an expression of opinion by the court that the failure of a pedestrian to be continually looking and listening for trucks and cars would not constitute negligence. We do not think that this exception is well taken. We are not to be understood, however, as holding that the charge was properly given, although it appears to have been

taken from the decision by this court in *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220 (2) (80 S. E. 36), and is a correct statement of the law to the effect that such failure of watchfulness on the part of a pedestrian could not be held to be negligence as a matter of law. As an instruction it might possibly be calculated to mislead the jury into believing that the plaintiff could not, under such circumstances, be found to be negligent as a matter of fact. But whether under other assignments of error than the one made the excerpt should be held erroneous is a question not presented for decision. We make these observations merely in order to prevent any misapprehension that we approve the excerpt as proper.

There is no merit in the remaining grounds of the motion.

*Judgment reversed. Stephens, J., concurs. Jenkins, P. J., disqualified.*