19692.   CITY OF EAST POINT *v.* CHRISTIAN.

Decided June 27, 1929.

*Ezra E. Phillips, W. B. Knight,* for plaintiff in error.
*H. W. McLarty, Charles G. Bruce,* contra.

Luke, J. Mrs. W. H. Christian sued the City of East Point for injuries alleged to have been sustained as the result of stepping in an insecurely covered water-meter on a sidewalk of the city. She obtained a verdict and judgment for $5,000, and the city brought the case to this court, assigning error upon the overruling of its motion for a new trial. The motion alleges that the trial judge, in passing upon the motion for a new trial, "ordered that a new trial be and the same is hereby granted unless the plaintiff will write off $1500 within ten days; and in that event and therefore a new trial *is* and will be denied." Plaintiff wrote off $1500 within ten days, and the defendant (now the plaintiff in error) assigns error, in its bill of exceptions, upon the foregoing order and judgment. Under the facts of this case the foregoing was a final judgment; and the motion to dismiss the writ of error is denied. *Waller* v. *Clarke,* 132 *Ga.* 830 (64 S. E. 1096).

The trial judge instructed the jury: "In this case there are two elements of damages alleged in plaintiff's petition. One is the lost capacity or permanent injury, as set forth in the petition; and the other element of damage is pain and suffering;" and thereafter the court instructed the jury as to those "two elements," dealing at some length with "lost capacity to work" and "the impairment or loss of ability to earn." We find no specific allegation in the petition as to lost capacity to work, or diminution of earning capacity. It is true that there is some evidence that the plaintiff's "condition is permanent" unless she undergoes a surgical operation, and a witness further testified: "I don't know whether it is *ever* as good as it was before; there was an abnormal condi-

tion." It is also true that under the facts of this case the jury, in determining the amount of the recovery, could consider the plaintiff's diminution of capacity to labor. See *A. & W. P. R. Co.* v. *Haralson,* 133 *Ga.* 231 (3) (65 S. E. 437). However, loss of earning capacity should have been considered, under the facts of this case, as a part of pain and suffering. Since there is no specific allegation in the petition as to loss of earning capacity, and no specific evidence as to the pecuniary value of any earning capacity lost, we think the court, in charging the jury, unduly stressed the "two elements" as separate and distinct elements of damage, and unduly stressed the item of lost capacity to work; and that this portion of his charge probably misled the jury, to the detriment of the defendant. See *Culberson* v. *Alabama Construction Co.,* 127 *Ga.* 599 (56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507); *City Council of Augusta* v. *Owens,* 111 *Ga.* 464 (9) (36 S. E. 830); *A. C. L. R. Co.* v. *Anderson,* 35 *Ga. App.* 297 (near bottom of page) (133 S. E. 63).

The alleged damages in this case not being such as could be accurately computed, it was error for the court to direct a new trial unless a specific sum should be written off the verdict. For the reason pointed out, it was error for the court to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*