FREDERICK RUDNICK, Plaintiff Below, Plaintiff in Error, *v.* JACOB A. JACOBS, also known as J. Jacobs, Defendant Below, Defendant in Error.

(*February* 15, 1938.)

WOLCOTT, Chancellor, LAYTON, C. J., HARRINGTON, ROD-
NEY and SPEAKMAN, J. J., sitting.

*H. Albert Young* for plaintiff in error.

*William H. Bennethum* (of Marvel, Morford, Ward and
Logan) for defendant in error.

Supreme Court, No. 1, June Term, 1936.

WOLCOTT, Chancellor, delivering the opinion of the court:

The plaintiff relies upon two assignments of error.

1. The first is that the court erred in charging the jury as follows:

"In considering the damage to his automobile, if your verdict should be for the plaintiff, the measure of damages is the difference between the value of the automobile immediately before the accident and its value immediately after the accident."

The plaintiff objects to this language as calculated to confuse the jury since there was no evidence before it of the value of the car before and after the accident. The only evidence of damage to the car was as to the cost to which the plaintiff was subjected in the way of repairs. The charge, therefore, might be said not to have been adapted to the facts.

■ But even so, we find no reversible error on that score, because the judgment which the plaintiff obtained embraced the full amount of the repair bills. The plaintiff himself, by his proof, invited the jury to measure the damage to his car by the cost of its repair.

2. The remaining assignments of error may be grouped as one. They are all directed to the point that it was error for the court to refuse the plaintiff's motion for a new trial and to enter judgment for the amount of the verdict increased by the additur of $16.00.

The jury's verdict established the negligence of the defendant. The only question with which we are concerned is the question of the money measure of the damages. The elements of damage which the plaintiff claimed were three — (a) injury to his automobile, (b) medical and hospital bills paid or incurred by the plaintiff, and (c) injury to his person, including the pain and suffering occasioned thereby.

The jury's verdict compensated the plaintiff for the property damage in full, allowed him nothing for his alleged personal injuries, and fell $16.00 short of fully compensating him for the medical and hospital bills. That is the way the court below interpreted the verdict. The case was argued before us on that interpretation, and we think it is entirely justified. From the itemization of plaintiff's definitely ascertainable claims set out in the statement of facts, it will be observed that there is an item of $16.00 claimed by the plaintiff for the medical services of Dr. Keyser, his attending physician. The jury evidently disallowed that item, notwithstanding it was clearly proved and was in fact uncontested by the defendant. As the bill of Dr. Keyser had not been actually paid but only incurred when the trial was had, it is not surprising that the jury disallowed it in view of the charge by the court that the plaintiff could be compensated for doctors' bills in such amounts as were expended by him. The jury evidently noted the court's language and faithfully applied it, rejecting a claim to be reimbursed a bill in payment of which the plaintiff had not yet *expended* anything.

The *additur* of $16.00, however, repaired that error.

It is evident that the jury considered that the plaintiff's personal injuries and his alleged pain and suffering were not sufficiently important to merit compensation. Accordingly the judgment entered on the verdict supplemented by the court's additur fully covered every other item of damage, all of which were capable of definite pecuniary measurement.

■ That the jury was justified in allowing nothing beyond mere nominal damages on account of the plaintiff's alleged personal injuries and his pain and suffering, admits of no doubt in our minds. Immediately after the accident the plaintiff refused to go to a hospital, saying there was

nothing the matter with him and two hours later he was at work and refused, on the defendant's suggestion, to go to a doctor to be examined, saying "it would be foolish to go around to the doctor. There is nothing wrong with me." About a week and a half later he complained to the defendant that his neck was hurting him. There was evidence which justified the view, if believed, that the plaintiff was feigning injury and suffering. All the evidence which was calculated to show physical pain and suffering on analysis appears to be subjective, that is to say, having its source in the plaintiff's own statements. There were no outward and visible indications of injury beyond what the jury might well have regarded as very trifling.

We shall not review the evidence in detail. It is sufficient to say that it is of such character that if the suit had been one to recover for personal injuries alone, the jury would have been warranted in bringing in a verdict for nominal damages only. As the plaintiff was given judgment for other claims, the jury could overlook the traditional six cents.

The state of the case with respect to the claim for damages for personal injuries being as above shown, it follows that we may properly regard the case for the purposes of the motion for a new trial, as did the court below, as though the suit were one to recover solely for the liquidated items of expense to which the plaintiff was subjected, viz., the items totalling $108.85 set forth in the statement of facts.

█ When the jury plainly erred in refusing to allow the clearly proved item of $16.00 composing part of that total, we are of the opinion that the court was entirely justified, with the consent of the defendant, in granting an additur in that amount and directing the entry of judgment accordingly.

█ The practice has become settled in the Superior Court of this state of granting a remittitur when the verdict

of a jury is in excess of what in any event the court is of the opinion the plaintiff should recover. The procedure in such cases is for the court to say in substance to the plaintiff—you will have to undergo a new trial unless you agree to a reduction of your verdict to a designated sum. *Winkler v. Philadelphia & R. Ry. Co.*, 4 *Penn.* 80, 53 *A.* 90; *Spahn v. People's Ry. Co.*, 3 *Boyce* 302, 83 *A.* 27, 92 *A.* 727. This court has never been called upon to pass upon the legal propriety of such procedure. It has been approved in most American jurisdictions. By January 2, 1935, when *Dimick v. Schiedt*, 293 *U. S.* 474, 55 *S. Ct.* 296, 300, 79 *L. Ed.* 603, 95 *A. L. R.* 1150, was decided, it had become so firmly established in the federal jurisdictions that the majority of the court in that case, though questioning its constitutional justification, declared that the doctrine of the remittitur as applied by the practice "would not be considered or disturbed."

The converse of the doctrine of the remittitur is that of the additur. The latter is what was applied by the court below in the instant case. In cases of a remittitur, the court says to the adversary of the moving party, as before indicated—unless you consent to a remission of that part of your verdict which embodies an unjustified excess, you must submit to a new trial. In the case of an additur the court says to the adversary of the moving party,—unless you submit to an addition to the verdict of an amount which in the judgment of the court is the minimum to which the plaintiff is entitled, you must submit to a new trial. The one is the converse of the other. In *Dimick v. Schiedt, supra,* the Supreme Court of the United States was confronted with the case of an additur. The majority of the court in a five to four decision refused to apply the logic of the remittitur to the case of an additur. Its refusal appears to have been induced by its questioning of the soundness of the reasoning that underlies the doctrine of the remittitur, and it con-

cluded that the doctrine of the remittitur, though it should not be disturbed because of its long acceptance, yet was of too doubtful soundness to be extended by analogy to cases of additur.

The case of *Dimick v. Schiedt, supra,* is distinguishable from the instant case in that in the *Dimick Case* the question was largely controlled by the *Seventh Amendment to* the *United States Constitution* concerning the re-examination of questions of fact which had been tried by a jury.

*Dimick v. Schiedt, supra,* was a case of tort and the damages claimed were in an unliquidated amount for personal injury, pain and suffering. Even in such case, however, the minority of four justices, speaking through Mr. Justice Stone in an able and forceful opinion, were of the view that the logic of the remittitur was equally applicable to the case of an additur, and that it was no impairment of the plaintiff's right to a trial by jury for the court to deny to the plaintiff a new trial on the ground of inadequacy of the verdict, on the defendant's consent that judgment might be entered for the amount of the verdict plus an added sum to cover what the court considered as a maximum of the inadequacy.

The instant case is not one where the damages are unliquidated and therefore are incapable of definite measurement. Here the verdict of the jury was such as clearly to reveal that in their judgment the plaintiff was entitled to nothing in the way of compensation on account of his alleged personal injury and suffering. As we have before said, the verdict in effect reduced the plaintiff's claim to one for the recovery of definite, pecuniary sums which are demonstrably calculable to a penny. In such a case, there can be no possible injury to the plaintiff if the court should direct an additur sufficient to cover the utmost of his claims. The jury could not properly have allowed him more. As the

defendant has consented to the increase, he of course cannot be heard to object.

All the cases cited by the plaintiff are clearly distinguishable from the instant one. They are all cases like *Dimick v. Schiedt, supra,* where the damages were unliquidated—cases therefore in which there was room for a wide range of judgment in estimating them. In such cases there is more room to contend that the province of the jury is invaded by the judge if he undertakes to state a figure by way of additur which indicates the maximum of the plaintiff's possible recovery, than in cases where the plaintiff's claim is capable of actual pecuniary calculation in accordance with his own showing.

In cases of the latter type, we have found none where it was held that the application of the doctrine of the additur, over the plaintiff's objection, has been held to infringe the plaintiff's constitutional right to a trial by jury. Cases to the contrary are the following: *Carr v. Miner,* 42 *Ill.* 179; *James v. Morey,* 44 *Ill.* 352; *March v. Kendall,* 65 *Kan.* 48, 68 *P.* 1070; *E. Tris Napier Co. v. Gloss et al.,* 150 *Ga.* 561, 104 *S. E.* 230; *West v. Milwaukee, etc., Ry. Co.,* 56 *Wis.* 318, 14 *N. W.* 292. The principle of these cases is approved by those appellate courts which, on a showing of an inadequacy of a verdict in a definite, calculable amount, have sent the case back with instructions to enter judgment for the verdict with the proper additur, without a new trial. *Carroll Oil & Gas Co. v. Johnson,* 229 *Ky.* 574, 17 *S. W. 2d* 717; *Stagg v. Broadway Garage Co.,* 87 *Mont.* 254, 286 *P.* 415; *Richards v. Sandford,* 2 *E. D. Smith* (*N. Y.*) 349.

The distinction which we have drawn between cases of the instant type where the amount of the damage is definitely demonstrable and cases where the damages are unliquidated and highly debatable, appears to be illustrated in Massachusetts and Pennsylvania cases. In cases of the lat-

ter type, those jurisdictions adhere to the rule that it is improper to deny a plaintiff a new trial because of an inadequacy of the verdict if the defendant will consent to an additur, whereas in cases of the former type such a denial is proper. *Shanahan v. Boston, etc., Ry Co.*, 193 *Mass*. 412, 79 *N. E.* 751; *Clark v. Henshaw Co.*, 246 *Mass*. 386, 140 *N. E.* 593; *Bradwell v. Pittsburgh, etc., Ry. Co.*, 139 *Pa*. 404, 20 *A*. 1046; *Lehr v. Brodbeck,* 192 *Pa*. 535, 541, 43 *A*. 1006, 73 *Am. St. Rep.* 828. The same distinction is to be drawn from the cases in the few jurisdictions where remittiturs have been generally denounced as an infringement on the right to a trial by jury; for in them we find that whereas a remittitur is not allowable in a case where the damages are unliquidated, yet the rule is otherwise where the remittitur corrects an excess which is capable of mathematical computation. *Tifton, etc., Ry. Co. v. Chastain,* 122 *Ga*. 250, 50 *S. E.* 105; *City of East Point v. Christian,* 40 *Ga. App*. 81, 149 *S. E.* 50; *Unfried v. Baltimore & Ohio R. R. Co.*, 34 *W. Va*. 260, 12 *S. E.* 512; *Thompson v. Davis Colliery Co.*, 104 *W. Va*. 493, 140 *S. E.* 489.

In the Delaware case of *State v. Layton,* 3 *Harr.* 469, decided by the Superior Court in 1842, the jury returned a verdict which failed to include interest in accordance with the court's instructions and was therefore inadequate. The same situation existed in *Prettyman v. Waples' Ex'r,* 4 *Harr.* 299, decided by the same court in 1845. In both of those cases, notwithstanding the inadequacy was clearly calculable, the court granted new trials because of the inadequacy of the verdicts. In the earlier case, the court indicated at *page* 481 of the report that the granting of a new trial was the only way left open for the correcting of the error. We do not subscribe to that view. We can see no reason why parties should be put to the expense and annoyance of a new trial when the only purpose of such trial would be to have a jury make a calculation which a former

one should have made and which the court is equally competent to make.

■ Convinced as we are that the verdict of the jury constituted a finding adverse to the plaintiff on the item of his unliquidated damages, and that the only objectionable feature of its verdict was that a definite, calculable item was eroneously omitted, we can find no error in the refusal of the court to grant a new trial upon the defendant's consenting to the additur. What our views would be if an additur were applied in a case where the damages were incapable of mathematical computation, it is unnecessary for us to say. Where as in *Campbell v. Brandenburger,* 5 *W. W. Harr.* (35 *Del.*) 203, 162 *A.* 354, the damages claimed are for personal injuries which are of a character to warrant substantial compensation as well as for damages of a definitely ascertainable amount, it is entirely proper for the court in the exercise of its discretion to award a new trial on the ground of the inadequacy of the verdict. In that case an additur would have corrected the inadequacy so far as the clearly proven liquidated items of the claim were concerned. As to the unliquidated claim to compensation for the personal injury, pain and suffering of the plaintiff which were clearly of a character meriting more than mere nominal damages, the court was justified in exercising its discretion in favor of submitting the problem of its ascertainment to another jury. We have not meant to say anything in this opinion which can be taken as disapproving of the course pursued by the court in that case in awarding a new trial.

The judgment below will be affirmed.