39163.   HARRIS v. CATES, by Next Friend.

DECIDED DECEMBER 5, 1961—REHEARING DENIED DECEMBER 20, 1961.

*B. Hugh Burgess, Edward E. Dorsey, C. B. Rogers, Powell, Goldstein, Fraser & Murphy,* for plaintiff in error.

*Charles H. Hyatt,* contra.

HALL, Judge. ■ The trial court did not err in overruling the motion for new trial on the general grounds. On some of the issues in this case the burden of proof was on the plaintiff, and on some it was on the defendant. The testimony of every party and witness who stated he or she saw what happened was attacked and weakened on cross-examination and by other means. The evidence on the important questions was in conflict. The brief of evidence shows that the plaintiff drew upon a blackboard at the trial a sketch of the intersection where the collision occurred. On many occasions, when testimony was elicited by use of this diagram and photographic exhibits, the witnesses stated where something was only by pointing or placing a piece of paper, indicating "here" or "there." Hence the record does not reveal the exact testimony on important, close questions in the case. This court has no opportunity to observe the parties' or witnesses' manner of testifying. There was evidence which if believed would authorize the verdict. In these circumstances, this court cannot substitute its judgment for that of the jury or for that of the trial judge in ruling on the general grounds of the motion for new trial. *He-Po Gas Inc. v. Roath,* 87 Ga. App. 827, 833 (75 SE2d 451); *Adler v. Adler,* 207 Ga. 394, 405 (61 SE2d 824).

■ Special ground 1 complains that the court charged, "The driver of an automobile is bound to use reasonable care to anticipate the presence on the streets of other persons having equal rights with him to be there." The defendant contends that the charge "expressed, by implication, the opinion and instruction that the plaintiff had an equal right to be upon the street as had the defendant," and "this compelled the conclusion that the plaintiff was not negligent *or* that (if the plaintiff was negligent) the defendant was also negligent." In *O'Dowd v. Newnham,* 13 Ga. App. 220, 225 (80 SE 36), it is stated: "We may start with the proposition which is elementary, . . . that a pedestrian and the user of an automobile have equal rights upon public highways, and that each is to use the highways

bearing in mind the right of the other and in such manner as not to injure the other. . . One of the duties incumbent upon one who operates an automobile . . . is that of anticipating the presence upon the highway of other persons having rights to be there equal with his own. . ." The court charged the substance of the first part of the above quotation as well as the part objected to. It charged also on each party's duty of care, and that if plaintiff's failure to exercise due care caused her injuries or if, "by the exercise of due care, she could have avoided the consequences to herself of defendant's negligence, if any there was, the plaintiff could not recover."

We do not interpret the charge objected to as expressing an opinion as to the relative rights or the negligence of either party at the time and under all of the facts and circumstances in evidence; and certainly the whole charge made it clear these questions were to be resolved by the jury. This charge was not error.

■ Ground 2 complains that the court refused to give the following request to charge: "I charge you that the opinion evidence introduced in this case was not conclusive or controlling. It is submitted to you, Gentlemen of the jury, merely for whatever you may think it worth. You may, upon review of the facts in the case disregard entirely the opinion of any witness, expert or nonexpert." The plaintiff contends that this request was incomplete "in that it nowhere stated that it [opinion evidence] could be considered as evidence in the case." This contention is not sound. The requested charge is taken from a charge given in *Metropolitan Life Ins. Co. v. Saul,* 189 Ga. 1, 4 (5 SE2d 214), where expert and nonexpert opinion was in evidence. The full charge on this subject reported in that case is 24 lines in length. It is true that immediately preceding the portion which defendant requested be charged in the present case is the statement that "The law allows you to receive and consider it, along with all the other evidence in the case, in making your verdict." However, the very words of defendant's request dealt with opinion "evidence," and would have instructed that such evidence "is submitted to you, Gentlemen of the jury, merely for whatever you may think it worth." These words embody the meaning that opinion evidence "could be considered as evidence in the case."

Plaintiff contends further that the charge was error in that it excluded the rule "that opinion and expert testimony is intended to aid the jury in coming to a correct conclusion on the subject." The plaintiff cites cases which include statements to the effect that opinion testimony is intended to aid the jury. However, we do not think that the omission of such a statement from the requested charge rendered it incomplete or incorrect.

"It is the indisputable right of a litigant to have given in the charge a pertinent legal charge timely requested in writing." *Summer v. Boyd,* 208 Ga. 207, 209 (66 SE2d 51). It is especially important that this right be recognized when the case is "a close one under the evidence." *Metropolitan St. R. Co. v. Johnson,* 90 Ga. 500, 501 (16 SE 49). The charge requested by the defendant set out a correct statement of law. *Metropolitan Life Ins. Co. v. Saul,* 189 Ga. 1, supra. Therefore, the court's failure to charge as requested was reversible error.

■ Ground 3 complains of the court's charges on an automobile driver's duty to exercise reasonable care "to anticipate the presence on the streets of other persons," "to keep a lookout ahead for pedestrians and traffic," and "to keep a reasonable lookout ahead for person or persons upon . . . or so near the street in front of him as to be in danger of being struck by his vehicle." The defendant contends that these charges were repetitious "of the same basic proposition" and "unduly emphasized" plaintiff's allegations that defendant was negligent in failing to keep a proper lookout in all the circumstances, and were an argument against the defendant upon an issue in the case.

We have held in division 2 of this opinion that the first sentence of these charges was not error. The rest explains and elaborates the first sentence. The defendant does not contend and we would not hold, that the charges amount to an erroneous statement of law. This ground does not show error or harm to the defendant.

■ Ground 4 complains that the court charged the jury that ". . . if you find . . . the defendant . . . was not guilty of any of the acts of negligence specified against him in the plaintiff's petition as amended, you would return a ver-

dict in favor of the defendant." The defendant contends that this charge did not limit plaintiff's right of recovery to proof of acts and omissions of negligence *alleged* in her petition.

The charge in other parts and as a whole made it clear that plaintiff was entitled to recover only on proof of acts or omissions of negligence alleged in her petition. Even if we construe the excerpt objected to as an inaccuracy, we do not think it obscured the court's meaning or misled the jury or harmed the defendant as he contends. *Evans v. State,* 68 Ga. App. 207 (22 SE2d 618); *Radney v. Levine,* 75 Ga. App. 137 (42 SE2d 644); *Limbert v. Bishop,* 96 Ga. App. 652, 656 (101 SE2d 148). The charge was not error.

■ Ground 5 complains of the following charge given by the court, and ground 6 complains of a part of it: "And a pedestrian lawfully using the public highway is not bound to be continually looking and ascertaining if auto cars are approaching under the penalty that if he fails to do so and is injured it must be conclusively presumed he is negligent." The defendant contends that the charge "misled the jury into believing that the plaintiff-pedestrian could not, under such circumstances, be found to be negligent as a matter of law"; that it harmed the defendant because there was evidence from which the jury could have found the plaintiff's own negligence in failing to look and ascertain whether cars were approaching caused her injuries; and that the charge influenced the jury to resolve the issue of plaintiff's negligence against the defendant. What the charge says is that a pedestrian's failure to be *continually* looking for automobiles is not necessarily negligence. *Quick Tire Service v. Ball,* 34 Ga. App. 122, 124 (128 SE 205). This is not to say that failure of a pedestrian to look at all, or his failure to look at a given time, or his failure to look out as a reasonably prudent person would, is not negligence.

The defendant points out that this charge is taken from the opinion in *O'Dowd v. Newnham,* 13 Ga. App. 220, supra. We have considered whether this is a good statement of law today as it was in 1913, when it was pronounced by Judge Russell. Undoubtedly the dangers to pedestrians from traffic on the streets are immeasurably greater in 1961 than they were then.

Certainly today ordinary care for his own safety requires a·pedestrian upon entering any public street to look out in every direction from which traffic might approach and to ascertain that it is safe to enter the street. Having done this, he is under the further duty, "while crossing or walking or standing in the roadway, to keep a reasonable lookout for passing vehicles, in order to avoid injury therefrom; and the failure to do so may constitute negligence . . . although it will not necessarily do so under all circumstances." 25 Am. Jur. 524, § 228. What is "a reasonable lookout" depends on all the circumstances at the time and place. The particular language of the charge here in question does not contradict the above statements. A pedestrian is not bound at his peril on every occasion and at all times to be "continually looking" for cars. "Continually" means "continuously (in time); without intermission." Webster's New International Dictionary of the English Language (2d Ed., 1961, unabridged). To require a pedestrian to give complete attention to looking for the appearance or onrushing of cars, that were not in view or were at a safe distance when he entered the street with reasonable care, would be inconsistent with the pedestrian's duty to exercise reasonable care in all respects. We do feel, however, that jury charges in terms of what a person is required to do, rather than what he is not required to do, should generally be preferred, in the absence of special circumstances indicating the contrary.

These grounds show no error or prejudice as claimed by the defendant.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*