21572. CATES, by Next Friend v. HARRIS.

CANDLER, Justice. Nancy Lee Diane Cates, a minor, by and through her mother as next friend, brought a suit against Robert L. Harris for damages, alleging that he negligently struck and injured her with a Ford truck while she was crossing a street to board a public-school bus. The case resulted in a verdict for the plaintiff. On the trial the plaintiff introduced certain opinion evidence, and the defendant timely and in writing requested the trial judge to give the following charge: "I charge you that the opinion evidence introduced in this case was not conclusive or controlling. It is submitted to you, Gentlemen of the Jury, merely for whatever you may think it worth. You may, upon review of the facts in the case disregard entirely the opinion of any witness, expert or nonexpert." Special ground 2 of the defendant's motion for a new trial alleges that the court erred in failing to give the requested charge. On the denial of his amended motion,

he sued out a writ of error to the Court of Appeals, and that court ordered a new trial solely on the ground that the trial judge erred in not giving the requested charge. See *Harris v. Cates,* 105 Ga. App. 178 (3) (123 SE2d 703). An application for certiorari, which assigned error only on that ruling, was granted by this court. *Held:*

"A request to charge should in itself be correct, and even perfect; otherwise the refusal to give it will not be cause for a new trial. *Etheridge v. Hobbs,* 77 Ga. 531 [3 SE 251]." *Macon, Dublin &c. R. Co. v. Joyner,* 129 Ga. 683 (5), 688 (59 SE 902). It must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence. *Lewis v. State,* 196 Ga. 755 (3), 760 (27 SE2d 659); *Downs v. Powell,* 215 Ga. 62 (108 SE2d 715). A request to charge is not perfect in form when an inference is required to make it correct, and there is no error in refusing to give such a request. *Norris v. State,* 184 Ga. 397 (3) (191 SE 375). Unless a request to charge is itself a complete statement of the principle invoked, without requiring any addition to make it perfect, a failure to give it will not require a new trial. *Head v. Bridges,* 67 Ga. 227 (4). The Court of Appeals, in holding that the trial judge erred in refusing to give the requested charge, cited *Metropolitan Life Insurance Co. v. Saul,* 189 Ga. 1, 6 (5 SE2d 214), as authority for its ruling. The question for determination in that case was whether or not the plaintiff was totally and permanently disabled from certain ailments and disease. On such question expert and nonexpert witnesses were allowed to give their opinions. Respecting such evidence, the judge gave without request therefor a rather lengthy charge, but the charge there given is substantially different from the requested charge in this case, and such difference can be readily seen by reading each of them. The reported charge in the *Metropolitan* case shows that the judge, immediately before instructing the jury that the opinion evidence "is submitted to you for whatever you think it [to] be worth," had already instructed the jury that the law allows it "to receive and consider it [the opinion evidence], along with all the other evidence in the case, in making your verdict." The requested charge contains no such instruction, and, even if it could be said that the phrase, "It [the opinion evidence] is submitted

to you . . . merely for whatever you may think it worth," would warrant an inference that the jury could consider opinion evidence in making a verdict if it saw fit to do so, the request would nevertheless be imperfect in form, for the reason that an inference would be necessary to make it correct. In *Boyd v. State,* 207 Ga. 567, 569 (63 SE2d 394), this court unanimously said: "Expert testimony is intended to aid the jury in arriving at the correct conclusion upon the issue made; but the jury is not bound by the opinion of experts and may disregard it or give such testimony credence or not as it sees fit." And in *Dobbs v. State,* 214 Ga. 206, 208 (104 SE2d 121) this court unanimously approved as being a correct charge respecting opinion evidence the following: "I charge you that the weight to be given to the testimony of expert witnesses is a question to be determined by the jury. In other words, the testimony of an expert like that of any other witness is to be received by you and given such weight and credit as you think it is entitled to receive under the law." Completely absent from the requested charge in the instant case, is any specific instruction to the jury that it could in reaching a verdict give credence to the opinion evidence if it saw fit to do so, and such absence therefrom renders the request incomplete and therefore imperfect. Since we are of the opinion that the trial judge, for the reasons pointed out, properly refused to give the requested charge, it necessarily follows that the ruling which the Court of Appeals made on that point is erroneous.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 10, 1962—DECIDED APRIL 20, 1962.

*Wm. G. Grant, Charles H. Hyatt,* for plaintiff in error.

*B. Hugh Burgess, C. B. Rogers, Edward E. Dorsey, Powell, Goldstein, Frazer & Murphy,* contra.