40764. CITY MOTOR EXCHANGE v. BALLINGER.

BELL, Presiding Judge. 1. The issue to be decided in this appeal is whether the trial judge or the jury shall determine the amount of punitive damages to be awarded a plaintiff in a jury trial.

The judgment of the trial court denying the defendant's motion for new trial contains the following relevant recitals: "The court indicated at the hearing that if the plaintiff would agree to reduce the exemplary damages from $4,000 to $1,500 the motion for new trial would be overruled, otherwise it would be granted on account of the amount found by the jury being

excessive. . . Counsel for plaintiff has reported in writing, and has agreed for the part of the judgment awarding $4,000 exemplary damages to be written off to $1,500. Therefore, it is ordered and adjudged that 1. The judgment entered in this case be amended to reduce the exemplary damages from $4,000 to $1,500 on this date."

The defendant excepted to this judgment.

Regardless of the power which Federal judges and those of other jurisdictions might have in similar circumstances, the trial judges of this State do not have the discretionary authority to superimpose their individual views over that of the juries and condition the refusal or grant of a motion for new trial on the parties' acceptance of his judgment as to the amount of punitive or exemplary damages to be awarded. Where a trial judge does so either party not assenting may have the illegal judgment reversed by the appellate courts.

In determining punitive or exemplary damages it is impossible to lay down any fixed rules for a precise mathematical calculation; "and in every such case the amount of the finding must be largely in the power of the jury, who have no other guide but their enlightened consciences. To say, therefore, in such cases that this finding should not have exceeded a certain sum, is to invade their peculiar province, and to assume their functions; and to require a portion of the amount so found by them to be remitted, and the balance to stand as their verdict, seems to us unauthorized either by the words of the law, or by the precedents and practice in such cases." *Savannah, Florida &c. R. v. Harper,* 70 Ga. 119, 124; *Daniel v. Bailey,* 118 Ga. 408 (2) (45 SE 379); *Tifton, Thomasville &c. R. Co. v. Chastain,* 122 Ga. 250 (7) (50 SE 105); *Seaboard Air-Line R. v. Randolph,* 129 Ga. 796 (59 SE 1110); *Seaboard Air-Line R. v. Bishop,* 132 Ga. 71, 76 (63 SE 1103); *Southern R. Co. v. Tollerson,* 135 Ga. 74 (68 SE 798); *Southern R. Co. v. Miller,* 3 Ga. App. 410 (5) (59 SE 1115); *Holland v. Williams,* 3 Ga. App. 636 (60 SE 331); *Lee v. Bagwell,* 14 Ga. App. 699, 703 (82 SE 49); *Collins v. Strickland Bros.,* 21 Ga. App. 542 (5) (94 SE 1035); *Murphy v. Mitchell,* 30 Ga. App. 736 (119 SE 424); *Quick Tire Service, Inc. v. Ball,* 34 Ga. App. 122 (128 SE 205); *City of East Point v. Christian,* 40 Ga. App. 81 (149 SE 50). See especially the full discussion on the question in the case of *Central of Ga. R. v.*

*Perkerson,* 112 Ga. 923 (4) (38 SE 365, 53 LRA 210), and *Code* § 105-2015.

It is our wish to make it clear that nothing held here or in any of the authorities cited is subject to the inference that a trial judge is restricted in the exercise of his exclusive discretion to grant or deny a motion for new trial on the general grounds. We do emphasize that where the determining of the amount of a particular class of damages lies exclusively with the jury, the trial court must either grant or deny a new trial on the basis of the jury's award. The trial judge cannot condition the exercise of his discretion in granting or denying a new trial on an acceptance by the parties of a different sum selected by him.

Inasmuch as the trial court disapproved the verdict by declaring the award of punitive damages to be excessive, the judgment denying the motion for new trial is

*Reversed with directions that a new trial be granted. Jordan and Eberhardt, JJ., concur.*

DECIDED OCTOBER 16, 1964.

*James H. Neal,* for plaintiff in error.
*Scott Walters, Jr.,* contra.