27486, 27487. McDONALD v. McDONALD; and vice versa.

Argued October 10, 1972—Decided November 9, 1972.

*Edwards, Awtrey & Parker, A. Sidney Parker, George G. Finch,* for appellant.

*Turner, Turner & Turner, Jack P. Turner,* for appellee.

Mobley, Chief Justice. Anna T. McDonald brought a complaint against Lawrence P. McDonald for divorce, cus- tody of their minor children, and alimony. The case was submitted to a jury, which found a verdict in favor of the wife, awarded her the home and furnishings of the parties and permanent alimony of $1,000 per month; awarded permanent alimony for the support of the minor children; and made other provisions regarding taxes, debts, and insurance. Judgment was entered in accordance with this verdict.

The husband filed a motion for new trial on the general grounds, which was amended by the addition of several special grounds related to his contention that the alimony judgment was excessive.

The trial judge, on consideration of the motion for new trial, made a finding that "the only merit in the defendant's

assignment of errors is to the amount of alimony for the plaintiff in the amount of $1,000 per month as excessive and considering all the evidence concerning alimony for the plaintiff, said sum is hereby reduced to the amount of $750 per month," and denied the motion.

The husband appealed from this judgment, enumerating as error the denial of the motion for new trial, after the judge had determined that the award of alimony by the jury was excessive. The wife filed a cross appeal, enumerating as error the reduction of the permanent alimony for her from $1,000 per month to $750 per month.

Where a jury finds a verdict for a specified amount, which the trial judge deems excessive, and there is no method by which the trial judge can accurately ascertain the amount of the excess, from an application of the law to the evidence, the judge can not lawfully fix an amount which in his judgment would be a proper verdict. *Savannah, F. & W. R. Co. v. Harper,* 70 Ga. 119, 122; *Central of Ga. R. Co. v. Perkerson,* 112 Ga. 923 (4) (38 SE 365, 53 LRA 210); *Daniel v. Bailey,* 118 Ga. 408 (2) (45 SE 379); *Tifton, T. & G. R. Co. v. Chastain,* 122 Ga. 250 (7) (50 SE 105); *Seaboard Air-Line R. v. Randolph,* 129 Ga. 796 (59 SE 1110); *Southern R. Co. v. Tollerson,* 135 Ga. 74 (1) (68 SE 798); *City Motor Exchange v. Ballinger,* 110 Ga. App. 496 (138 SE2d 925).

It is impossible to fix any rule for a precise mathematical calculation of the amount of permanent alimony to be awarded to a wife. The jury has a wide latitude in determining the amount, under the evidence of the husband's financial condition and the needs of the wife. *Brown v. Brown,* 222 Ga. 446, 449 (150 SE2d 615), and cits.

A trial judge in this State does not have discretionary authority to substitute his individual view as to the amount of alimony that should be awarded for that of the jury. *Code* § 6-1610, cited by the trial judge, applies to appellate courts, and not to trial judges when considering motions for new trial.

In the present case the trial judge had authority to grant

a new trial if he found the verdict of the jury "contrary to evidence and the principles of justice and equity" (*Code* § 70-202), or "decidedly and strongly against the weight of evidence" (*Code* § 70-206). His judgment finding the alimony excessive, and reducing it, and then denying the grant of a new trial, was not a legal judgment, and both parties are entitled to a reversal of that judgment.

We direct that on the return of the remittitur to the trial court the judge vacate the judgment entered on the motion for new trial, and enter a judgment either granting or denying the motion.

*Judgment reversed on both the main appeal and the cross appeal, with direction. All the Justices concur.*