**Bonnie R. MERCER, the natural mother of Nancy Jo McCracken, Deceased, Plaintiff-Appellant,**

v.

**Candace S. BURNETTE, Kay Lynn Herrlein and Elizabeth Patillo Parker, Defendants-Appellees.**

No. 81–7263
Non-Argument Calender.

United States Court of Appeals,
Eleventh Circuit.

Nov. 23, 1981.

Deal, Birch & Jarrard, Frederick E. Link, Gainesville, Ga., for plaintiff-appellant.

Phillips, Hart & Mozley, George W. Hart, Atlanta, Ga., for Elizabeth Patillo Parker.

Savell, Williams, Cox & Angel, Edward L. Savell, Atlanta, Ga., for Kay Lynn Herrlein.

Greer, Klosik & Daugherty, Richard G. Greer, Atlanta, Ga., for defendants-appellees.

Before GODBOLD, Chief Judge, and FRANK M. JOHNSON, Jr., and ANDERSON, Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

Nancy Jo McCracken and Charles Wall, driving along the Stone Mountain Freeway at approximately 3:00 to 4:00 o'clock in the morning, stopped to lend assistance to appellee Candace S. Burnette, whose Toyota had spun out of control and came to rest on the freeway. McCracken and Wall decided to push the Toyota off the road. While they were doing so a Cadillac driven by appellee Elizabeth Patillo Parker collided with the Toyota and also struck Wall and McCracken. About ten minutes later an MG Midget driven by appellee Kay Lynn Herrlein struck the Cadillac and possibly also hit McCracken. McCracken died in the accident. McCracken's mother, Bonnie Mercer, sued Burnette, Parker, and Herrlein for negligently causing her daughter's death. The jury found for the defendants. Mercer appeals.

Plaintiff first contends that the trial court's charge to the jury concerning a pedestrian's duty to watch for traffic was erroneous.[1] She argues that the court should have instructed the jury that what was a reasonable lookout depends on all the circumstances at the time and place of the accident, that the court should have stated that McCracken need not have been looking for automobiles continually and that the court should not have stated that the pedestrian's duty to keep a reasonable lookout existed "no matter for what purpose the pedestrian might be upon the highway."

---

1. The challenged charge stated that

Every person must exercise ordinary care for the protection of herself and her property, and this includes a pedestrian upon entering a public highway who is required while walking or standing upon such roadway to keep a reasonable lookout for passing vehicles in order to avoid injury therefrom, no matter for what purpose the pedestrian might be upon the highway.

Plaintiff's contention is without merit. First, the trial court several times in its charge to the jury stated that whether McCracken was negligent depended on the facts and circumstances of each case. Indeed, three sentences after the statement of which plaintiff complains, the court stated that "[t]he duty to avoid the consequences of Defendant's negligence is not absolute, but is only a duty to exercise ordinary care in the light of all the circumstances to discover and avoid the Defendant's negligence."

Turning to plaintiff's next argument, we find no suggestion in the charge to the jury that McCracken was under a duty to maintain a continuous lookout. Rather, the instructions that a person must exercise ordinary care and that ordinary care should be determined in light of all circumstances in a case would indicate to a jury that a determination of what degree of vigilance constitutes a reasonable lookout was left to its discretion.[2] Finally, we believe the lower court was correct in stating that McCracken was under a duty to keep a reasonable lookout regardless of the reason she was on the freeway. The statement merely instructed the jury that McCracken's laudable purpose did not absolve her of a duty to keep a lookout. The statement did not instruct the jury, as plaintiff charges, that McCracken's reason for being on the freeway was not among the circumstances that the jury should consider in deciding whether she kept a reasonable lookout.

■ Plaintiff next asserts that the trial court erred in refusing to charge the jury that

Whether or not a party is guilty of negligence because of operating her automobile at night at such a rate of speed that she cannot stop the automobile within the limits of her vision ahead, is a question of fact for you to determine based on all the facts and circumstances involved.

The assertion is without foundation. The trial court need not give a charge in the exact language of a request. *Continental Casualty Co. v. Union Camp Corp.*, 230 Ga. 8, 195 S.E.2d 417, 424 (1973). The court did instruct the jury that "no person shall drive a vehicle at a speed greater than reasonable and prudent under [the] conditions and having regard for the actual and potential hazards then existing."[3] The instruction included the substance of plaintiff's requested charge.

■ Plaintiff claims that the trial court again erred in refusing to use another of plaintiff's requested charges:

I charge you that where there is an obstruction in the road, such as the Toyota automobile in this case, whether that obstruction is on the road lawfully or unlawfully, the driver of a motor vehicle must employ the care of an ordinarily prudent person exercised under circumstances to ascertain the presence of such an obstruction, and to avoid colliding with it.

This claim fails for a reason identical to that underlying our holding on the last claim. The court did instruct the jury that "in your determination of these questions [concerning negligence of McCracken and of the defendants], it is proper for you to consider the time, the place, the conditions at the scene, the movement of the vehicles, and the pedestrians, the actions of the drivers and the pedestrians, and any and all pertinent facts which may be reflect [sic] on the matter." The charge as given incorporated the essence of plaintiff's requested charge.

■ Plaintiff's final claim also involves the refusal of the trial court to use a requested charge. The disputed charge

---

2. In the case cited by plaintiff as the basis for her objection to the district court's charge, *Harris v. Cates*, 105 Ga.App. 178, 123 S.E.2d 703, 708 (1962), *rev'd on other grounds*, 217 Ga. 801, 125 S.E.2d 649 (1962), the court stated that "[w]e do feel, however, that jury charges in terms of what a person is required to do, rather than what he is not required to do,

should generally be preferred, in the absence of special circumstances indicating the contrary." The quotation indicates that the court would feel unnecessary a charge that McCracken was not required continually to maintain a lookout.

3. This portion of the charge is identical to the wording of Georgia Code § 68A–801.

would repeat verbatim portions of Georgia Code Section 68–1623.2 that state that, in any automobile accident without personal injury or extensive property damage and in which an automobile can be operated under its own power, the automobile's driver may request any individual with a valid driver's license to move the vehicle. The statute authorizes any person so requested to comply.[4] Plaintiff asserts that the charge was necessary to make the jury aware that McCracken was on the road legally and to prevent the jury from considering her merely to be an ordinary pedestrian.

We reject the claim that failure to include this charge was error. The Georgia law plaintiff desires to incorporate in the charge is not applicable to this case. The language of the statute indicates that it is meant to apply to attempts to drive an automobile off a road, not to push it off as McCracken and Wall attempted to do. Moreover, the statute requires that the driver of the vehicle request an individual to move the car. Burnette asked neither Wall nor McCracken to move her Toyota. Plaintiff asserts that Burnette "impliedly requested" that her auto be moved. She does not, however, provide any citation supporting her assertion. Under the circumstances of this case we find no reason to hold that there was an implicit request.

Even given the applicability of the statute, failure to include a charge on the statute was not error. Plaintiff asserts the charge would indicate to the jury that McCracken was on the freeway legally while assisting Burnette, but a jury would be unlikely to assume that McCracken's presence on the freeway to aid someone was anything but lawful and praiseworthy, and there was no suggestion in the record that McCracken's presence was unlawful.[5] There was, therefore, no need for a charge assuring the jury that McCracken's presence on the freeway was legal. Plaintiff also asserts that the requested charge would indicate to the jury that McCracken was not an ordinary pedestrian. Since the statute does not state or imply that someone complying with its purpose is not an ordinary pedestrian, we fail to see how inclusion of the charge would be relevant to that reason. Although plaintiff cites a Washington state case, *Frasch v. Leedom*, 62 Wash.2d 410, 383 P.2d 307 (1963), for the holding that a person is not an ordinary pedestrian while complying with state law when a collision occurs, plaintiff provides neither citations showing that such a holding is law in Georgia nor reasons why such a holding should be law. In any event, plaintiff does not show, and we do not see, how holding McCracken not to be an ordinary pedestrian would modify the charge of the trial court that McCracken had a duty to maintain a reasonable lookout in light of all facts and circumstances. Plaintiff's second reason for the charge also fails.

We find no error of law by the district court. We have examined the evidence and find it sufficient to support the verdict. The judgment of the district court is AFFIRMED.

---

4. Ga.Code § 68–1623.2(c) provides:

   When a motor vehicle traffic accident occurs with no personal injury, death or extensive property damage, it shall be the duty of the drivers of the motor vehicles involved in such traffic accident, or any other occupant of any such motor vehicle who possesses a valid driver's license, to remove said vehicles from the immediate confines of the roadway into a safe refuge on the shoulder, emergency lane, median, or otherwise removed from the roadway, whenever such moving of a vehicle can be done safely and the vehicle is capable of being normally and safely driven, does not require towing, and can be operated under its

   owner [sic] power in its customary manner, without further damage or hazard to itself, to the traffic elements, or to the roadway. The driver of any such motor vehicle may request any person who possesses a valid driver's license to remove any such motor vehicle as provided herein, and any such person so requested shall be authorized to comply with such request.

5. The court refused to adopt a charge proposed by appellee Parker based on a resolution of the Georgia State Highway Board that pedestrians may not use limited-access highways in Georgia.