Richard William **GORSALITZ,** Plaintiff-Appellant,

v.

**OLIN MATHIESON CHEMICAL COR-PORATION,** Defendant-Appellee,

Electric Mutual Liability Insurance Company, Intervenor.

No. 71–2027.

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1972.

Rehearing and Rehearing En Banc Denied March 13, 1972.

John H. Holloway, Houston, Tex., for plaintiff-appellant.

B. Jeff Crane, Jr., Houston, Tex., Vinson, Elkins, Searls & Smith, Houston, Tex., for Olin Mathieson Chemical Corp.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

This is the second appeal arising from a jury verdict secured by appellant Gorsalitz for permanent injuries incurred by reason of Olin's negligence. The original verdict was for $1,380,000. The District Court required a remittitur of all amounts in excess of $690,633, and both parties appealed. This court affirmed on liability.[1] As to damages, we held that the District Judge could properly find that some part of the verdict resulted from undue sympathy on the part of the jury and that, therefore, he did not err in conditionally requiring some remittitur, but that in determining the amount thereof he employed the wrong standard, substituting his own view of a reasonable award for the verdict of the jury. We vacated the respective amounts of the remittitur and of the final judgment and remanded for redetermination of the amount of remittitur under the correct standard of excessiveness, which we held to be the maximum which the jury could reasonably find.

On further consideration and briefs and argument, the trial judge[2] entered a new remittitur reducing the amount of the judgment to $887,029. Plaintiff accepted the remittitur under protest and brought the present appeal.

---

1. 429 F.2d 1033 (1970).

2. Circuit Judge Ingraham, sitting by designation in his former capacity as District Judge.

We cannot on this appeal, as appellant would have us do, relitigate the question of whether there should be any remittitur at all and, upon doing so, conclude that the original jury verdict of $1,380,000 must stand. This question was settled on the prior appeal by the holding that the District Judge did not err in finding that some remittitur was required. That conclusion is the law of the case.

The appellant did not lose his right to the present appeal by accepting the remittitur. U. S. v. 1160.96 Acres of Land, 432 F.2d 910 (5th Cir.1970); Minerals & Chemicals Philipp Corp. v. Milwhite, 414 F.2d 428 (5th Cir.1969); Steinberg v. Indemnity Ins. Co., 364 F. 2d 266 (5th Cir.1966).

Applying the maximum recovery rule in a personal injury case in which there are pain, suffering and disfigurement—all present to a massive degree in this instance—is a Solomonic task. The record does not support any inference that the court reached into the air for a figure or proceeded by hunch or intuition. Rather it shows that he considered one by one the several elements of damages and with respect to each element made a finding of the amount which, under the evidence in the case, was the maximum that the jury reasonably could find to be compensatory for appellant's loss. The total of these was $887,029.

For each element of damages, we have considered the judge's finding, and the evidence in the case, and the appellant's earnest and detailed analysis of why that particular finding should be rejected. We conclude that in one relatively minor respect the amount of the remittitur was excessive. The judge found on remand, as he had in setting the amount of the original remittitur, that appellant lost wages of $46,213 between the time of injury and the time of trial, a period of three years and eleven months, calculated at the rate of earnings of $11,800 for the year of injury. There was testimony that at the time of trial the earnings of other employees in appellant's job assignment had increased to $13,000 per year,[3] and the judge actually used that figure in calculating loss of earnings from time of trial for life expectancy. We think appellant is correct that the jury could reasonably have found that in the three years and eleven months between injury and trial appellant would have received the increase that others received.[4] Appellant suggests the approach of apportioning the total increase among the intervening years, which seems to us reasonable. The increase of $1200 prorated at $300 increase for each twelve months produces this result:

| | |
|---|---|
| Earnings 1st twelve mos. | $12,100 |
| Earnings 2nd twelve mos. | 12,400 |
| Earnings 3rd twelve mos. | 12,700 |
| Earnings 11/12 of $13,000 for 4th twelve mos. | 11,750 |
| | $48,950 |

Thus the remittitur was excessive by $2,737 ($48,950 less $46,213) and the judgment is to be increased by that amount.

In all other respects we cannot say as to any one element of damages, or as to the total, that the judge abused his discreation in his application of the standard mandated by this court.[5]

The judgment is modified so as to increase the amount to $889,766, and as modified is affirmed.

3. Appellant errs in his contention that the evidence supports a figure of $14,000 instead.

4. The court affirmatively stated that it excluded these increases from its calculation.

5. The judge calculated that the maximum amount which the jury reasonably could have found for future dental surgery was $1900 per year. While we disagree with his method of calculating, we conclude that the figure of $1900 was, nevertheless, the correct figure.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.