875 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Veronica REETZ, Plaintiff-Appellee,
v.
MOTOR HOTEL MANAGEMENT, INC., Michael G. Roberts, Gary
Richards and John B. Kuhn, Defendants-Appellants.
 No. 88-1284.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1989.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and EUGENE E. SILER Jr., Chief District Judge.*
 PER CURIAM.
 
 
 1
 Defendants appeal from the district court's order denying their motion for a new trial and motion for entry of judgment notwithstanding the verdict ("j.n.o.v."). The principal issues on appeal are (1) whether the district court abused its discretion in failing to grant a j.n.o.v. on plaintiff's age discrimination claim under Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.; (2) whether the district court abused its discretion in failing to grant a j.n.o.v. on plaintiff's implied employment contract claim under Toussaint v. Blue Cross & Blue Shield of Michigan, 408 Mich. 579, 292 N.W.2d 880 (1980); and (3) whether the district court abused its discretion in denying defendants motion for remittitur of the jury award granting $105,833.00 on plaintiff's emotional distress claims. For the following reasons, we affirm the discrimination count, reverse on the Toussaint claim, and remand for remittitur of the damage award.
 
 I.
 
 2
 Veronica Reetz was an employee of the defendant, Motor Hotel Management ("MHM"), where she served as a banquet waitress at the Plymouth Hilton Hotel in Plymouth, Michigan. On June 6, 1984, defendant Michael Roberts ("Roberts"), the convention services manager for MHM, informed all of the part-time banquet waitresses that they were being terminated because it was necessary for full-time employees to work at banquets in order to maintain full-time status. Plaintiff-appellant Veronica Reetz ("Reetz"), who was classified as a part-time employee, and who had been employed at the hotel since the early 1970s was fired pursuant to this policy.
 
 
 3
 Prior to discharging the part-time employees, Roberts allegedly made certain derogatory comments regarding the older waitresses in the banquet department. The record shows that Roberts hired several new employees for the banquet department after the June 6, 1984 terminations, and all or most of the new hirees were twenty-five years old or younger.
 
 
 4
 On March 25, 1986, plaintiff initiated this action in Wayne County Circuit Court. In her complaint Reetz alleged she had been discriminated against in her employment in violation of the Elliott-Larsen Civil Rights Act, and that defendant had breached an implied contract of employment. The action was subsequently removed to the United States District Court for the Eastern District of Michigan. On November 17, 1987, the trial commenced and, on December 4, 1987, the jury found in favor of Reetz on her employment discrimination claim, and awarded her $105,833.00 in damages for mental anguish. Also, the jury found in favor of Reetz on her breach of contract claim and awarded her $20,316.53 in damages for lost wages and benefits. After the district court entered its judgment upon the jury verdict, defendants filed a motion for a j.n.o.v. or, in the alternative, for a new trial. The district court denied those motions. Defendants thereafter filed a timely notice of appeal.
 
 II.
 
 5
 In reviewing a district court's denial of a j.n.o.v., this court must view the evidence "in the light most favorable to the party against whom the motion was made, drawing from that evidence all reasonable inferences in his favor." Chappell v. GTE Products Corp., 803 F.2d 261, 265 (6th Cir.1986), cert. denied, 180 U.S. 1919 (1987) (citations omitted). This court may not "weigh the evidence, pass on the credibility of the witnesses, or substitute [our] judgment for that of the jury." Id. Applying this standard of review, we find that the district court properly denied MHM's motion for a j.n.o.v. with respect to the age discrimination claim. The evidence in the record shows (1) that Reetz was a member of the protected age group; (2) that she had adequately performed her waitress duties; and (3) that her duties were assumed by younger employees upon her termination. Simpson v. Midland-Ross Corp., 823 F.2d 937, 940 (6th Cir.1987). Moreover, there was evidence that Roberts had made repeated references to the older waitresses as "old bags" and Roberts was directly responsible for the September hiring of waitresses twenty-five years of age or younger.
 
 
 6
 We believe that there was more than sufficient evidence from which an inference could be reasonably drawn that age was a motivating factor in the decision to terminate Reetz. We hold therefore that the district court did not abuse its discretion by denying defendant's motion for a j.n.o.v. as to this issue.
 
 III.
 
 7
 The next question to be addressed is whether the district court abused its discretion in failing to grant a j.n.o.v. on the implied contract claim arising under Toussaint v. Blue Cross & Blue Shield of Michigan, 408 Mich. 579, 292 N.W.2d 880 (1980). In Toussaint, the Michigan Supreme Court held that a provision of an employment contract providing that an employee shall not be discharged except for cause is legally enforceable although the contract is not for a definite term. Id. at 598. Such a provision may become part of the contract either by express agreement, oral or written, or as a result of an employee's legitimate expectations grounded in an employer's policy statements. "These legitimate expectations may be grounded in an employer's written policy statements as set forth in the manual of personnel policies." Renny v. Port Huron Hospital, 427 Mich. 415, 428 398 N.W.2d 327, 334 (1986).
 
 
 8
 Toussaint emphasized that employers were "most assuredly free to enter into employment contracts terminable at will without assigning cause." Toussaint, 408 Mich. at 610. Furthermore, the Toussaint Court observed that employers are not always contractually bound by employee manuals. For example, if an employer seeks to defeat a claim by an employee that an at-will employment relationship evolved into one terminable only for cause, they may "requir[e] prospective employees to acknowledge that they serve[ ] at the will or pleasure of the company...." 408 Mich. at 612.
 
 
 9
 Reetz contends that a contract was created by her reliance on the provisions of the MHM employee manual. However, there is no evidence in this case that an enforceable Toussaint promise arose from the MHM manual. The manuals and handbooks relied upon by Reetz contain no indication that an employee could be discharged only for good cause. At most, the employee handbooks constitute a promise of employment so long as the employee's services are satisfactory and needed. Such statements do not rise to the level of a Toussaint promise to discharge employees only for just cause.
 
 
 10
 The defendant's frequent amendments to the handbook which necessitated the frequent re-publication of the handbook clearly established that they could and did make unilateral changes and that the employees had no legitimate expectation that any particular policy would remain in force. MHM's disclaimer of any intention to make an employment contract with any of its employees, published in its 1983 handbook, further established the at-will relationship between the defendant and Reetz. Moreover, defendants properly point out that Reetz signed an application upon her return from work, after a lengthy medical leave in 1983, wherein she acknowledged that she could be terminated from employment without notice and without limitation. Given this evidence, we do not believe that a rational juror could have found for Reetz on her Toussaint claim. We reverse the judgment of the district court on that claim.
 
 IV.
 
 11
 Finally, defendants contend that the district court erred in denying their motion for a remittitur of the jury's award of over $105,000.00 to Reetz for alleged emotional distress.
 
 
 12
 It is well-established that "[w]here a jury grants a particular damage award and the district court refuses to disturb that finding, an appellate court should be certain indeed that the award is contrary to all reason before it orders a remittitur or a new trial." In re Lewis, 845 F.2d 624, 635 (6th Cir.1988) (citation omitted). We grant a motion for remittitur only where "the award clearly exceeds 'the amount which, under the evidence in the case, was the maximum that the jury reasonably could find to be compensatory' for the plaintiff's loss." Id. at 635 (quoting Gorsalitz v. Olin Mathieson Chemical Corp., 456 F.2d 180, 181 (5th Cir.), cert. denied, 407 U.S. 921 (1972)).
 
 
 13
 Defendants properly note that Reetz is required to demonstrate with specificity the emotional distress justifying such an award. Rogers v. Fischer Body Division, GMC, 739 F.2d 1102, 1108 (6th Cir.1984), cert. denied, 470 U.S. 1054 (1985). Damages for emotional distress may be proven "by showing the nature and circumstances of the wrong and its effect on the plaintiff." Erebia v. Chrysler Plastic Products Corporation, 772 F.2d 1250, 1259 (6th Cir.1985) (citation omitted), cert. denied, 475 U.S. 1015, 1259 (1986).
 
 
 14
 In the instant case, we find that the proofs advanced by Reetz are plainly insufficient to justify a damage award of over $105,000.00 for alleged emotional distress. Although Reetz's testimony reveals that she was frustrated about her employment situation, there is no indication that her psychological health was significantly affected by that frustration. Moreover, Reetz offered no evidence of emotional injury other than her own testimony. Given these facts, we find that Reetz failed to demonstrate the requisite level of mental anguish justifying such a high damage award for emotional distress.
 
 
 15
 This court can only reverse the district court's denial of a motion for a remittitur upon a showing of an abuse of discretion. In Re Lewis, 845 F.2d at 636. However, we are unable to ascertain the basis for the district court's denial of defendant's motion for remittitur for alleged emotional distress because the court failed to set forth its reason in denying the motion. Thus, we remand the case to the district court with instructions to grant a remittitur and to explain the basis for the amount it does fix.
 
 
 16
 Accordingly, we AFFIRM the district court on the age discrimination count, we REVERSE on the implied contract count, and REMAND the order denying a remittitur.
 
 
 
 *
 Honorable EUGENE E. SILER, Jr., United States District Court for the Eastern District of Kentucky, sitting by designation